Elizabeth F. Mohr *vs.* The Prudential Insurance Company of America.

JANUARY 16, 1911.

Present: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Life Insurance.  Conditions Precedent.  Burden of Proof.  Evidence.*

A policy of insurance contained the clause "This policy shall be incontestable after one year from its date if all due premiums shall have been paid." The application was signed by the insured and contained the provision that "said policy shall not take effect until the same shall be issued and delivered by the said company and the first premium paid thereon in full while my health is in the same condition as described in this application." In the application the insured warranted that he was in good health:—

*Held,* that the existence of good health in the insured at the time of the delivery of the policy is a condition precedent to the obligation of the company, and at a trial of an action upon the policy the company can insist that such good health at the time of the receipt of the first premium and delivery of the policy shall appear by a preponderance of the testimony before its liability attaches, unless this condition has been clearly waived by the company, or its right to raise this defence is restricted by some other provision of the policy.

*Held,* further, that it was not error to permit plaintiff to introduce the policies in evidence without first requiring specific testimony of good health at the time of their delivery, since the receipt of the premium and delivery of the policy raised the presumption of good health at that time. This presumption might be rebutted by the defendant, the *prima facie* case made by such presumption not shifting the burden to the defendant but merely lifting it.

(2)  *Life Insurance.  Evidence.  Incontestable Clause.*

*Held,* further, that, but for the "incontestable clause," the defendant would have been entitled to introduce testimony as to the health of insured at the time of delivery of the policy, and plaintiff could not recover unless the good health of insured at that time had been established by a preponderance of the testimony. But, more than a year having elapsed between the date of policy and death of insured, testimony of physicians offered by defendant as to health of insured at delivery of policy was properly excluded.

(3)  *Insurable Interest.*

Testimony in an action upon a policy of life insurance was offered to show that insured, 17 years of age, was nephew of beneficiary; that he had come to live in her family; that she and her husband had undertaken to care for and educate him; that he was pursuing his studies at their home under the instruction of her husband; that he had lived with them two months

12

when the policy was issued, and continued to live with them for a number of months thereafter:—

*Held*, that such testimony would entitle the jury to find that beneficiary had an insurable interest in the life of insured.

(4)   *Verdicts.*

Where a jury was instructed that to find for plaintiff they should be satisfied that a policy of insurance was actually the contract of insured or that the beneficiary had an insurable interest in the life of insured, a general verdict for plaintiff (beneficiary) must be regarded as a finding of one or the other of such facts.

ASSUMPSIT on insurance policies. Heard on exceptions of defendant, and overruled.

SWEETLAND, J. This is an action of the case in assumpsit, brought by the plaintiff as the beneficiary named in two policies of insurance issued by the defendant upon the life of one Joseph P. Hennon. One of said policies is for the sum of five hundred dollars, and is dated January 28th, 1907; the other is for the sum of five thousand dollars and is dated February 7th, 1907. By its terms each of said policies is payable to "the insured if living twenty years after the date hereof, or, in case of the prior death of the Insured, to Elizabeth F. Mohr, Beneficiary, Aunt of the Insured, if the Beneficiary survive the Insured, otherwise to the executors, administrators or assigns of the Insured." Each of said policies contains the following clause: "This policy shall be incontestable after one year from its date if all due premiums shall have been paid."

The application for each policy was signed by said Joseph P. Hennon, and contained the provision that "said policy shall not take effect until the same shall be issued and delivered by the said company and the first premium paid thereon in full, while my health is in the same condition as described in this application." In each of said applications the said Joseph P. Hennon warranted that he was in good health. The insured died on June 3rd, 1908. The insurance company refused to pay the amount of said policies to this plaintiff, the beneficiary named therein. The case was tried in the Superior Court, before Mr. Justice Brown and a jury, and verdict was

rendered for the plaintiff for the full amount of both policies. A motion for a new trial was denied in the Superior Court.

The case is here upon exceptions to certain rulings made at the trial in the Superior Court by the justice presiding; and to the refusal of said justice to grant a new trial.

The defendant excepted to the ruling of the justice presiding permitting the plaintiff to introduce in evidence the two policies of insurance in question, without first offering testimony that the insured was in as good health at the time of the delivery of the policies as he was at the time he made his application for said policies.

This exception raises the question as to the construction which shall be given to the agreement of the insured, contained in the application for the policies of insurance, signed by him and made a condition of the policies, viz.: that the policy should not take effect until the same was issued and delivered by the company, and the first premium thereon paid in full, while the insured was in good health as described in the application.

Similar provisions in insurance policies have frequently been before the courts for construction, and different courts have reached somewhat different conclusions as to the effect of such provisions. In *Connecticut Indemnity Ass'n. v. Grogan*, 52 S. W. 959, the court said: " An agent who has authority to take applications for insurance and power to collect the premiums and remit the same to the company, as was done in this case, clearly has the power to determine as to whether the insured is entitled to receive the policy, and to waive any question as to sound health." And see also *Northwestern Life Ass'n* v. *Findley*, 68 S. W. 695; *Quinn* v. *Metropolitan Life Ins. Co.*, 41 N. Y. Suppl. 1060.

In *Grier* v. *Life Ins. Co.*, 132 N. C. 542, it was held: " The provision in the application that the contract shall not take effect until the first premiums shall have been paid, during the applicant's continuance in good health, is only a provisional agreement authorizing the company to withhold the delivery of the policy until such payment in good health; but when

the company actually delivers the policy, then it is estopped, in the absence always of fraud, to assert that its solemn contract is void either on account of non-payment of premium or of ill health, which stipulations were asserted in the application as conditions to excuse it from such delivery, and are not grounds to invalidate the policy after it has been delivered."

(1)    In our opinion, a sounder construction is that the existence of good health in the insured at the time of the delivery of the policy is a condition precedent to the obligation of the insurance company.    And that at a trial of an action upon the policy the insurance company can insist that the good health of the insured, at the time of the receipt of the first premium and the delivery of the policy, shall appear by a preponderance of the testimony before its liability attaches, unless this condition precedent has been clearly waived by the company or its right to raise this defence is restricted by some other provision of the policy.    *Gallant* v. *Metropolitan Life Ins. Co.,* 167 Mass. 79; and *Packard* v. *Ins Co.* 72 N. H. 1; *Langstaff* v. *Ins. Co.,* 69 N. J. L. 54; *Barker* v. *Metropolitan Life Ins. Co.,* 188 Mass. 542.

It was not error, however, to permit the plaintiff to introduce the policies in evidence without first requiring her to present specific testimony of the good health of the insured at the time of their delivery.

To regulate the order of proof is largely within the discretion of the court.    Moreover, testimony of the receipt of the first premium and of the delivery of the policy by the defendant to the insured raises the presumption that the insured was in good health at the time of such delivery.    This presumption may be rebutted by the defendant.    The burden remains upon the plaintiff to establish this fact made a condition of the policy.    The *prima facie* case in favor of the plaintiff made by this presumption does not shift the burden to the defendant, but, as was held by this court in *Sweeney* v. *Met. Life Ins. Co.,* 19 R. I. 171, by this presumption the burden is lifted.

(2)    The defendant excepted to the ruling of the justice presiding excluding the testimony of certain physicians as to the condition of health of the insured at about the time of the

delivery of the policies to him. The defendant sought to introduce this testimony for the purpose of showing that the health of the insured was not good at the time of said delivery. The defendant also excepted to the refusal of the justice presiding, at the conclusion of the testimony, to direct a verdict in favor of defendant on the ground that the testimony did not show the insured to have been in good health at the time of delivery of the policy to him. The defendant also excepted to the refusal of the justice to grant it a new trial upon the same ground. These exceptions may well be considered together. But for the presence in said policy of the so-called incontestable clause, quoted above, the defendant would be entitled to introduce testimony as to the condition of health of the insured at the time of the delivery of the policy; and the plaintiff would not be allowed to recover, unless the good health of the insured at the time of such delivery had been established by a preponderance of the testimony.

The defendant does not dispute that a period of more than one year had elapsed between the date of the policies and the death of the insured. The defendant contends, however, that the policies must have had a legal inception in order to sustain an action thereon, and that, before the plaintiff could claim the benefit of the incontestable clause, she must show that all the conditions precedent to the issuance of the policies have been complied with. To this contention it should be said that the policies were issued and were delivered; that the premiums due upon said policies were received by the defendant up to the time of the death of the insured; that the policies were treated by the insured and the defendant as subsisting contracts between them. The policies upon their face purport an obligation on the part of the defendant. To an action to enforce this apparent obligation the defendant interposes the defence that the insured was not in good health at the time of the delivery of the policies. Upon this ground the defendant is contesting its liability under the policy. Such a contest is within the scope of that clause, which makes the policy incontestable after one year from its date if all due

premiums shall have been paid, without by its terms excluding any ground of defence.   To hold otherwise would be to permit such a clause, in its unqualified form, to remain in a policy as a deceptive inducement to the insured.   *Mutual etc., Ass'n.* v. *Austin,* 142 Fed. 398.   These exceptions are overruled.

The defendant excepted to the refusal of the justice presiding to permit answers to a large number of questions which were asked of the husband of the plaintiff by the defendant's counsel in cross-examination.   This ruling was not error. These questions were not properly in cross-examination of any matter as to which the witness had testified in direct examination.   The justice told the defendant's counsel that he might ask these questions in direct examination of the witness if the witness was called by the defence.   Moreover, most of the matters to which these questions relate were testified to by witnesses for the defendant, and their testimony was not rebutted by the plaintiff.

(3)   The defendant excepted to the refusal of the justice presiding to direct a verdict for the defendant upon the ground that the proof disclosed that the policies in question were gambling or wager contracts, and that the beneficiary did not have a *bona fide* insurable interest in the life of the insured.   The defendant also excepted to the refusal of the justice to grant it a new trial upon the same ground.   Testimony was given at the trial, which, if believed, would entitle the jury to find that the beneficiary had an insurable interest in the life of the insured. Joseph P. Hennon was the nephew of the beneficiary.   He was seventeen years old at the time the policies in question were issued.   The beneficiary and her husband each testified, that the insured had come to live in their family; that they had undertaken to care for him and to educate him; that he was pursuing his studies at their home under the instruction of the beneficiary's husband, who is a practicing physician.   He had lived with them for two months at the time the policies were issued, and continued to live with them for a number of months thereafter.   There is nothing in the testimony to indicate, that, if the insured had lived, they would not have continued

to care for and educate him. The justice presiding very carefully instructed the jury as to the nature of an insurable interest, in the circumstances of this case, in accordance with the decisions of this court; and charged the jury that, unless they found the policies of insurance to have been the *bona fide* contracts of the insured himself, the beneficiary should not be allowed to recover without satisfying the jury that she had such an insurable interest. *Cronin* v. *Vermont Life Ins. Co.*, 20 R. I. 570, was a case brought upon an insurance policy by the beneficiary named in the policy which was issued upon the life of the beneficiary's niece. The court said: "The important facts are that the niece lived with the aunt from early childhood at different times, amounting to years; that their relations were as those of mother and daughter; that the plaintiff supported her niece, the insured, and that a debt, both of affection and of money, was due to the plaintiff, for which she expected and had a right to expect return from the insured. Does this not set out an insurable interest? We do not understand the word "debt," as here used, to mean a debt recoverable at law, but a moral obligation from which the plaintiff had the right to expect care and kindness from the niece, in case of need. Taken in this view we think it shows an insurable interest, under the principles above laid down."

(4) The defendant's exceptions do not present the question of whether or not, after the lapse of one year from the delivery of these policies, if all due premiums had been paid, the so-called incontestable clauses contained in the policies would prevent the defence of a lack of insurable interest in the beneficiary. The justice presiding permitted this defence to be made, and instructed the jury that, to find a verdict for the plaintiff they should be satisfied, either that these policies were actually the contracts of the insured, and not of this plaintiff, or of her husband, or that the beneficiary had an insurable interest in the life of the insured. The jury were not directed to make special findings upon these points. After this instruction of the justice, the jury's verdict must be regarded either as a finding that these policies were the contracts

of Joseph P. Hennon or as a finding that this plaintiff had an insurable interest in his life. The refusal of the justice to direct a verdict for the defendant, or to grant its motion for a new trial on the ground that the proof disclosed that the policies were wagering contracts, and that the beneficiary did not have an insurable interest in the life insured, was not error. These exceptions are overruled.

The defendant excepted to the instruction given to the jury, at the plaintiff's request, by the justice presiding, as follows: "If the deceased, Joseph P. Hennon, being of sound mind and acting on good faith, signed the applications submitted in evidence, and if thereafter the defendant delivered to him the policies submitted in evidence, then the plaintiff is entitled to recover in this action, if she is the beneficiary named in said policies, and if the said Joseph P. Hennon died more than one year after the delivery of said policies, when all premiums due under said policies had been paid." We find no error in this instruction. The justice had already charged the jury to the same effect, and had at length explained to the jury what he intended by the expression "acting in good faith." In one portion of the charge the justice said: "If the insured, acting in good faith, procures the policies, he may make them payable to any one without regard to insurable interest, and such beneficiary may sue on the policy and recover without proof of insurable interest. If, however, the policy is not procured by the insured, but is procured by the beneficiary, or by someone else acting in his behalf and at his expense, such beneficiary can not recover on the policy unless he has an insurable interest in the life of the insured;" and later the justice said in his charge: "You see, gentlemen, you will take into consideration whether or not this boy did make this application, whether or not these applications were the applications of the boy or of the husband of the beneficiary as the defendant contends. If they were the applications of the husband and not of the boy, in that case you will come to the second question. If they were the applications of the boy himself, made of his own volition, although he may have been advised to apply for them,

still if that advice was not of such a nature and character as to supplant and overcome his will but leave him as a free agent after he has received the advice, and the application is made by him as a free agent, then, gentlemen, you should return your verdict for the plaintiff for the amount of these policies. If, however, you find that these were not the applications of the boy, that his will was supplanted and overcome by another, that they were the applications in fact of the husband of the beneficiary, then you come to the next question,—Has the beneficiary—did she have an insurable interest in the life of the boy? If she did not, your verdict should be for the defendant." This exception is overrruled.

The defendant also excepted to the refusal of the justice to instruct the jury as requested by the defendant in eighteen different requests to charge. We find no merit in any of these exceptions. As to a number of these requests for instruction, the justice had already embodied the instructions requested in his general charge to the jury. The correctness of the refusal of the justice to grant the other requests to charge have already been sufficiently treated in this opinion.

All of the defendant's exceptions are overruled.

By rescript already filed the case has been remitted to the Superior Court, with direction to enter judgment upon the verdict.

*Page and Cushing,* for plaintiff.

*Edward D. Duffield; Comstock and Canning, Jeremiah E. O'Connell,* for defendant.