HOYLE *v.* GRANGE LIFE ASSURANCE ASSOCIATION.

1. INSURANCE—LIFE INSURANCE—DEFAULT—LAPSED POLICY—RE-INSTATEMENT—HEALTH CERTIFICATE—EVIDENCE—QUESTION FOR JURY.

In an action on an insurance policy on the life of plaintiff's wife, where the defense was that the policy had lapsed, the controverted question as to whether defendant's agent, at the time the premium was paid, told plaintiff that a health certificate would be unnecessary as a condition of reinstatement, *held*, properly submitted to the jury.

2. SAME—NEGLECT OF AGENT—NEGLECT OF COMPANY—ESTOPPEL.

If the agent informed plaintiff that no health certificate was necessary, and plaintiff was never informed to the contrary until after the loss occurred, defendant would be liable although it in fact demanded a health certificate and wrote said agent to procure same, since the neglect of the agent would be the neglect of defendant.

Error to Jackson; Williams (Benjamin), J. Submitted April 27, 1921. (Docket No. 46.) Decided June 6, 1921.

Assumpsit by Henry Hoyle against the Grange Life Assurance Association on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Stephen H. Clink,* for appellant.

*F. L. Blackman,* for appellee.

BIRD, J. This suit was begun by plaintiff to recover on a joint life insurance policy issued by defendant on the lives of Henry Hoyle, the plaintiff, and his wife, Callie. The policy was for $1,000 and was issued on May 3, 1918. The annual premium was paid when the policy was issued. The next annual premium, which was due May 3, 1919, was not paid when due. On September 5 or 6, 1919, plaintiff paid the 1919 premium and the interest thereon during the period of default. This payment was made to W. E. Sharp, an agent of the company at Jackson, where plaintiff resided. It is shown that Sharp took plaintiff's receipt for 1918 and receipted thereon for the 1919 premium. After this was done Sharp inquired of plaintiff if his wife was sick and plaintiff replied that she was not. He asked the second time as to her health and plaintiff suggested that Sharp send a physician to his home to ascertain the state of her health, but

Sharp said: "No, it would not be necessary." Two months or more after this payment Callie Hoyle died. Plaintiff made demand for payment of the policy. The demand was refused and plaintiff advised that the policy lapsed on account of the nonpayment of the 1919 premium and had not been reinstated for want of a health certificate. Sharp denied that he informed plaintiff when he paid the premium that it would be unnecessary to have a health certificate. He testified he advised him that it would be necessary unless the company would accept the premium without it. The trial court instructed the jury that if plaintiff's version was the true one he could recover, but that if Sharp's version was true, no recovery could be had. The matter went to the jury on the one question and they found a verdict for plaintiff.

At the close of the testimony both counsel requested a directed verdict and defendant's counsel complains because his request was not granted. It appeared from the testimony that after plaintiff paid the premium Sharp sent it to the company. The company's claim was that it advised Sharp it would retain his check for the premium until he could get a health certificate upon which to base a reinstatement of the policy. This was not done by Sharp and plaintiff testified that nothing was said to him concerning it until after his wife's death, when the premium was returned by the company.

We are impressed that the view of the trial court was the proper one. The testimony of plaintiff and Sharp was in conflict. If Sharp accepted the premium conditionally until a health certificate could be obtained, if the company demanded it, and the company did demand it, and the wife died before the policy was reinstated, no recovery could be had under the terms of the policy. On the other hand, if Sharp accepted the premium and was advised as to the

health of the insured, and after being so advised, informed plaintiff that a health certificate would be unnecessary, then plaintiff would be entitled to recover. It is true the testimony showed that the company wrote Sharp to obtain a health certificate, but he did not do it, and his neglect in this respect was the neglect of the company. If Sharp took plaintiff's money and led him to believe that he was secure and his policy reinstated and he was not advised otherwise by the company, until after his wife died, the company would be estopped in denying its liability. The rule applicable here is stated, as follows:

"Any acts, declarations or course of dealing by the insurers, with knowledge of the facts constituting a breach of a condition in the policy, recognizing and treating the policy as still in force, and leading the assured to regard himself as still protected thereby, will amount to a waiver of the forfeiture by reason of such breach, or to a dispensation of the performance of the conditions of the policy and will estop the company from setting up the same as a defense when sued for a subsequent loss." 14 R. C. L. p. 1182.

For application of this rule, see *Pollock* v. *Insurance Co.*, 127 Mich. 460; *Foreman* v. *Insurance Co.*, 104 Va. 694 (52 S. E. 337, 3 L. R. A. [N. S.] 444); *Insurance Co.* v. *Wilkinson*, 13 Wall. (U. S.) 222.

If plaintiff's testimony is to be accepted Sharp led him to believe that in making payment of the 1919 premium he reinstated his policy, and he continued in this belief until after the loss had occurred. The fact that the company did not accept Sharp's conclusion is of no force because that information was never brought home to plaintiff until after the loss had occurred. Whether the failure to bring it to the attention of plaintiff was due to Sharp or to the company is of no importance, as Sharp was the agent of the company for that purpose. Neither is it important whether Sharp was a general or special agent, as it

is conceded that the company was advised as to what he had done.    Sharp was the agent of the company to carry out its orders and get a health certificate. His neglect to do this was the neglect of the company.    After receiving the premiums and being advised as to what Sharp had done, it would be manifestly unjust to permit the company to plead its own neglect, or the neglect of its agent, in defense of the claim.    Had plaintiff been promptly advised of the attitude of the company he would probably have furnished the health certificate or obtained insurance elsewhere.

There are other minor assignments made, but in view of our conclusion we think they are of no importance.

The judgment of the trial court must be affirmed.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.    MOORE, J., did not sit.