MARIA PRAHM, RESPONDENT, v. PRUDENTIAL INSUR-
ANCE COMPANY OF AMERICA, A CORPORATION, AP-
PELLANT.

Submitted December 8, 1922—Decided May 17, 1923.

1. An application for a life insurance policy (made a part of the contract) provided that the policy should not take effect until issued and delivered while the health and occupation of the insured are the same as described in the application. In the application the insured was asked and answered questions as follows: "Are you now in good health?" *Ans.* "Yes." *Q.* "Give names of all physicians who have attended you within the past three years; on what dates and for what complaints?" *Ans.* "Dr. Brandenburg. 1917; boil at elbow; catarrh throat and ears for past two years." *Q.* "What is your present occupation or occupations?" *Ans.* "Electrician; less than 220 volts." *Held,* that the question whether, when the policy was issued and delivered, the health and occupation of the insured were the same as described in the application, was for the jury, even though the evidence conclusively showed that at the time when the policy was issued and delivered the insured had chronic catarrh of the throat and ears and was not working steadily.

2. Where a life insurance policy contains a condition that it "shall not take effect until it is issued and delivered by the company, and the first premium paid thereon in full, while the health, habits and occupation of the insured are the same as described in the application," there can be no recovery upon it (unless the condition has been waived) if it appears upon the trial that the insured was in worse health when the policy was issued and delivered than as described in the application; and it is immaterial whether or not the condition of health of the insured, or any change therein, was known to him and concealed from the company with fraudulent intent.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Perkins & Drewen*.

For the respondent, *Lewis B. Eastmead*.

The opinion of the court was delivered by

TRENCHARD, J.    This is an action upon a policy of insurance, issued by the defendant company, on the life of Otto Prahm, the suit being by the mother of the insured, the beneficiary named in the policy.

On the original trial the judge directed a verdict for the defendant, and on appeal the Court of Errors and Appeals reversed the judgment entered upon such verdict and granted a new trial. *Prahm v. Prudential Insurance Co.*, 97 *N. J. L.* 206

At the second trial the jury rendered a verdict for the plaintiff, and from the judgment entered upon that verdict this appeal was taken.

When the case was before the Court of Errors and Appeals it was held that the direction of a verdict in favor of the defendant company was not justified because of alleged misrepresentations made by the insured in his application, the court pointing out that where a policy provides that "all state-

ments made by the insured shall, in the absence of fraud, be deemed representations and not warranties," a statement in the application to avoid the policy must be knowingly untrue, or stated without knowing it to be true, tend to mislead, and be material to the risk; and that, under the evidence, the questions whether the answers were untrue, and if untrue whether willfully untrue, were for the jury, especially in view of the ambiguity of the questions and answers considered, for which the company was responsible. *Prahm* v. *Prudential Insurance Co., supra.*

At the trial now under review the defendant company contended that the insured had untruely represented in his application, among other things, that his health was then good, and that his occupation was that of an electrician, and made the point (not made at the original trial and of course not considered on appeal) that there could be no recovery, since the application for the policy (made a part of the contract) declared that the policy should not take effect until issued and delivered while the health and occupation of the insured are the same as described in the application, and the evidence showed a changed condition of health and occupation at the time of the delivery of the policy.

On this appeal two points only are made, and are thus stated in the defendant's brief:

"(1) That the trial judge erred in denying defendant's motion for the direction of a verdict in favor of the defendant; that such motion should have been granted because the defendant showed without dispute that at the issuance of the policy, the 'health and occupation' of the insured were not the same as described in his application for the policy.

"(2) That the trial judge erred in charging the jury, in effect, that it is not enough for them to find that the health of the insured at the time of the issuing of the policy was not as represented in the application for the policy; but that before they can return a verdict in favor of the defendant, they must also find that the condition of the health of the insured, or

any change therein, was known to the insured and was concealed by him from the defendant with fraudulent intent."

It appeared that the application was made May 9th, 1920; that the policy was issued and delivered June 18th, 1920; and that the insured died September 15th, 1920.

We are of the opinion that the first point made is without merit. The question whether, when the policy was issued and delivered, the health and occupation of the insured were the same as described in the application, was for the jury. It is true that the insured was asked: "Are you now in good health?" and that he answered "Yes." But that question and answer immediately followed the question: "Give names of all physicians who have attended you within the past three years; on what dates and for what complaints?" To that question he answered: "Dr. Brandenburg, 1917; boil at elbow; catarrh throat and ears for past two years." If, therefore, it be conceded that the proofs showed conclusively that when the policy was issued and delivered, the insured had chronic catarrh of the throat and ears, nevertheless, the question whether the health of the insured was the same as described in the application, was for the jury. Indeed, the defendant company in its brief concedes as much, for it says: "Undoubtedly, it was a question of fact for the jury, under all the circumstances, to say whether or not insured's health was good when the policy was issued."

The insured was also asked: "What is your present occupation or occupations? Explain exact duties." He answered, "Electrician; less than 220 volts." There was no proof that such was not his occupation when the policy was delivered. If it be conceded that the evidence showed conclusively that at the time the policy was issued and delivered, the insured was not working steadily, still the question whether the occupation of the insured was the same as described in the application, was for the jury. The motion for a direction of a verdict was therefore properly denied.

But we think there was prejudicial error in the charge, as contended by the defendant in its second point.

The application for the policy (which was expressly made a part of the contract) provided that "said policy shall not take effect until it shall be issued and delivered by the said company, and the first premium paid thereon in full, while my health, habits and occupation are the same as described in this application."

As we have pointed out, under the evidence, the question whether or not, when the policy was issued and delivered, the health of the insured was as good as described in the application, was for the jury, and that question was submitted to the jury. But the judge went further. He charged, in effect, that before the jury could return a verdict for the defendant company, they must find that the condition of health of the insured, or any change therein, was known to the insured and was concealed by him from the defendant with fraudulent intent. That was erroneous. The true rule is that where, as here, a life insurance policy contains a condition that it "shall not take effect until it shall be issued and delivered by the company, and the first premium paid thereon in full, while the health, habits and occupation of the insured are the same as described in the application," there can be no recovery upon it (unless the condition has been waived) if it appears upon the trial that the insured was in worse health when the policy was issued and delivered than as described in the application; and it is immaterial whether or not the condition of health of the insured, or any change therein, was known to him and concealed from the defendant with fraudulent intent. *Langstaff* v. *Metropolitan Life Insurance Co.*, 69 N. J. L. 54; *Metropolitan Life Insurance Co.* v. *Howle*, 62 Ohio St. 204; 56 N. E. Rep. 908; also on subsequent appeal, 68 Ohio St. 614; 68 N. E. Rep. 4; *Mohr* v. *Prudential Insurance Co.* (R. I.), 78 Atl. Rep. 554; *Thompson* v. *Travelers Insurance Co.*, 13 N. D. 444; 101 N. W. Rep. 900. It is to be noted that the condition was made a part of the contract of the parties, and it makes the liability of the company depend upon an extrinsic fact, namely, the same condition of health when the policy is issued and delivered as described in the

application. That is not a mere representation or statement of belief or opinion as to a fact. It is equivalent to a warranty of the fact and is a fact agreed upon by the parties as a condition precedent to the attaching of the defendant's liability. The error of the learned trial judge occurred through failure to distinguish between the rule pertinent when a condition in the policy is that it shall not take effect except in certain contingencies, and the rule applicable to answers to interrogatories in an application, where a policy merely provides that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties." In the latter case, in order to avoid the policy for misrepresentation in the application, made a part thereof, the misrepresentation must be material and fraudulent; that is to say, it must be the statement of something as a fact which is untrue, and which the insured states, knowing it to be untrue, with an intent to deceive, or which he states positively as true, without knowing it to be true, and which has a tendency to mislead; such fact in either case being material to the risk. *Prahm* v. *Prudential Insurance Co., supra.* In the former case, where the policy provides that it shall not take effect until it shall be issued and delivered by the company while the health of the insured is in the same condition as described in the application, the company is not liable if at the time the policy was issued and delivered to the insured his health was worse than as described in the application, and it is immaterial whether or not he had knowledge of such changed condition and concealed it from the company with fraudulent intent.

The judgment will be reversed and a new trial awarded.