MARIA PRAHM, APPELLANT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, RESPONDENT.

Submitted July 9, 1923—Decided November 19, 1923,

Where the application for a policy of life insurance, which is expressly made a part of the contract, provides that the policy shall not take effect until it be issued and delivered by the company and the first premium paid thereon in full, while the health, habits and occupation of the applicant are the same as described in the application, there can be no recovery upon it, unless the condition be waived, if it appears at the trial that the insured was in worse health when the policy was delivered than as described in the application; and it is immaterial that any changed condition was known to him and concealed from the company with fraudulent intent.

On appeal from the Supreme Court, whose opinion is reported in 98 *N. J. L.* 335.

For the appellant, *Lewis B. Eastmead.*

For the respondent, *Perkins & Drewen.*

PER CURIAM.

On the first trial of this case there was a direction of a verdict for defendant. This was reversed and a new trial ordered. *Prahm v. Prudential Insurance Co.,* 97 *N. J. L.* 206. On the second trial the plaintiff had a verdict and judgment, and defendant appealed to the Supreme Court, where there was a reversal and an award of a *venire de novo.* *Prahm* v. *Prudential Insurance Co.,* 98 *Id.* 335. Plaintiff now appeals here.

On appeal from the Supreme Court, where that tribunal sits as a court of review, the only proper assignment of error is, that the Supreme Court erred in giving judgment for the successful instead of the unsuccessful party. *State* v. *Verona,* 93 *N. J. L.* 389. See, also, *State* v. *Fisher,* 95 *Id.* 419; *State* v. *Andres,* 96 *Id.* 437. All of the grounds of appeal found in the record before us are argumentative, and it is difficult to spell a proper one out of them. However, we have considered the appeal on its merits, and are of opinion that the judgment of the Supreme Court, reversing the Hudson County Circuit Court, should be affirmed.

Appellant argues that where a policy of insurance provides that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, as required by the insurance laws of New Jersey, the provision extends to every statement made in the application for the policy. That may be conceded, and yet the observation of the Supreme Court that where the application (which was expressly made a part of the contract) provided that the policy should not take effect until it should be issued and delivered by the company and the first premium paid thereon in full, while the health, habits and occupation of the appli-

cant are the same as described in the application, there can be no recovery upon it (unless the condition be waived) if it appears at the trial that the insured was in worse health, when the policy was issued and delivered, than as described in the application is well founded; and it is immaterial that any changed condition is known to him and concealed from the company with fraudulent intent.    In other words, the validity of the policy depends not upon the knowledge of the insured and concealment by him with fraudulent intent, but upon the fact that he was in worse health at the time of the delivery of the policy than was the condition of his health as described in the application.    See *McAuliffe* v. *Metropolitan Life Insurance Co.,* 93 *N. J. L.* 189.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    9.

*For reversal*—None.