## NEW YORK LIFE INS. CO. v. CONRAD.

### No. 5273.

Circuit Court of Appeals, Sixth Circuit.

June 12, 1930.

Rehearing Denied Dec. 11, 1930.

R. E. King, of Memphis, Tenn. (Ewing, King & King, of Memphis, Tenn., and Louis H. Cooke, of New York City, on the brief), for appellant.

Roane Waring and W. H. Borsje, both of Memphis, Tenn. (S. P. Walker and Miles, Waring & Walker, all of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN and HICKEN-LOOPER, Circuit Judges, and KILLITS, District Judge.

KILLITS, District Judge.

This action was commenced January 20, 1928, by the New York Life Insurance Company, appellant, against Mrs. Al-Gene P. Conrad, substitute beneficiary, for rescission and cancellation, for fraud and misrepresentation on part of the assured in his application therefor, of a policy of life insurance, containing a provision for indemnity in case of total disability, issued by appellant, February 6, 1926, upon the life of Charles W. Conrad, who had made the customary application therefor January 27. September 16, 1927, assured made written claim under the total disability clause, and within four weeks thereafter, and before the claim had been investigated by appellant, assured died. November 30, 1927, the appellee-beneficiary was notified of appellant's election to rescind the policy for alleged gross fraud and material misrepresentations of assured in applying therefor. The amount of premiums paid with interest was tendered. Appellee neither replying to the rescission notice nor returning the tendered check for return of premiums, this action followed.

There was no substantial conflict in the testimony. Decree was rendered for appellee, and this appeal results.

In his application assured stipulated that the resultant policy should take effect "only if he (applicant) had not consulted or been treated by any physician since the date of his medical examination," in this case January 27. The testimony showed an undisclosed treatment, given assured January 30, for chronic and aggravated pansinusitis which had afflicted him for nearly six years. The application for total disability and the medical finding that a state of such disability existed were based upon the development of this affliction. Expert testimony was also heard to the effect that its presence might have created a susceptibility to mastoiditis. Assured died from meningitis following a mastoid operation.

The testimony disclosed that assured had undergone five operations and had been treated more than one hundred and fifty times by local physicians, because of this chronic condition, between June, 1921, and the date of his application, and had also consulted a specialist in Chicago concerning it. Respecting its existence, the application and resultant medical examination based upon assured's answer to the medical interrogatories were distinctly nondisclosing, and, in some instances, assured's answers were so wide of the facts or so misleading as to suggest a deliberate withholding from the company of information which assured should have given and which appellant was entitled to have. One instance will suffice: In answer to a question relative to past treatments, he said, "Nose broken 1914, Dr. Pope Farrington, causing frontal sinus operation, 1923," and to the question "What physician or physicians, if any, not named above, have you consulted or been examined or treated by within the past five years," the answer was: "None." A question of similar nature, but more general in its scope, was also answered in the negative.

No effort was made, regarded by the court as substantial or effective, to charge appel-

lant with knowledge of assured's real condition when the medical examination was had and approved for the issuing of the policy, or that the real facts came to appellant's knowledge until an investigation was had upon the application for total disability.

In New York Life Insurance Company v. Gay, 36 F.(2d) 634, this court found, upon a state of facts in large measure analogous to this record, that a defense of fraud in its procurement was established in a suit upon a policy of life insurance. A comparison between the record made in that case and the record here discloses that, at least, the instant case for rescission and cancellation is as strong as the defense then made. That decision and the principles therein laid down and the authorities therein cited, especially Stipcich v. Metropolitan Life Insurance Company, 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895, suffice to control the disposition of this appeal. It should be and is allowed. The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.