NEW YORK LIFE INSURANCE CO. *v.* ABROMIETES.

INSURANCE—LIFE INSURANCE—PRINCIPAL AND AGENT—EFFECTIVE
DATE OF POLICY NOT POSTPONED BY AGENT'S NEGLECT TO INDORSE
PAYMENT ON APPLICATION.

> Where life insurance policy provided that if, at time of making
> application, full amount of premium was paid, receipt attached
> thereto was given to assured, and payment indorsed on appli-
> cation, policy should become effective from date of applica-
> tion, assured may not be deprived of benefit of said pro-
> vision by failure of insurer's agent to make such indorsement
> and execute proper receipt; payment at time of making appli-
> cation not being disputed.

Appeal from Wayne; Hawley (Royal A.), J.,
presiding. Submitted April 16, 1931. (Docket
No. 120, Calendar No. 35,614.) Decided June 1,
1931.

Bill by New York Life Insurance Company, a New
York corporation, against Antonnina Abromietes,
beneficiary, to annul a life insurance policy. Cross-
bill by defendant for money decree of face value of
policy. Decree for plaintiff. Defendant appeals.
Reversed.

*Thomas A. E. Weadock,* for plaintiff.

*Uno S. Heggblom,* for defendant.

BUTZEL, C. J. Sam Rosko, agent of plaintiff, New
York Life Insurance Company, interviewed defend-
ant Antonnina Abromietes in regard to taking out

---

As to effect of stipulation in application or policy of life insurance
that it shall not become binding unless delivered to insured while in
good health, see annotation in 17 L. R. A. (N. S.) 1144; 43 L. R. A.
(N. S.) 725; L. R. A. 1916F, 171.

an insurance policy on the life of her sister, Tillie Witer, a school girl of 14 years of age who was living with, and being supported by, defendant. The latter postponed taking out the policy for a month because she did not have the money with which to pay the first premium. On June 7, 1927, Rosko called on defendant and the application was duly signed by assured. Defendant claims that at the same time the first premium was paid in cash. Plaintiff admits the receipt of the premium and does not deny that it was paid when the application was made. On June 11, 1927, the assured was examined by a medical examiner of plaintiff, who found her to be in good health. She was attending school. Several days later, however, on June 14 and 15, 1927, she consulted a physician, who found that she had symptoms of miliary bilateral tuberculosis. On June 20 or 21, 1927, a policy for $1,000, dated June 15, 1927, was delivered to defendant. A few days later assured was sent to a sanitarium. On June 29, 1927, she was removed in a state of coma to a hospital in Detroit where the following day she died from tuberculosis complicated with meningitis and pneumonia.

The record does not show that assured had any disease or knowledge thereof either on the date she was examined by the plaintiff's physician or when the insurance was first solicited or when the application was signed and the premium paid. The policy contained the following provisions:

"9. It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been

treated by any physician since his medical examination; PROVIDED, HOWEVER, THAT IF THE APPLICANT, AT THE TIME OF MAKING THIS APPLICATION, PAYS THE AGENT IN CASH THE FULL AMOUNT OF THE FIRST PREMIUM FOR THE INSURANCE APPLIED FOR IN QUESTIONS 2 AND 3 AND SO DECLARES IN THIS APPLICATION AND RECEIVES FROM THE AGENT A RECEIPT THEREFOR ON THE RECEIPT FORM WHICH IS ATTACHED HERETO, AND IF THE COMPANY, AFTER MEDICAL EXAMINATION AND INVESTIGATION, SHALL BE SATISFIED THAT THE APPLICANT WAS, AT THE TIME OF MAKING THIS APPLICATION, INSURABLE AND ENTITLED UNDER THE COMPANY'S RULES AND STANDARDS TO THE INSURANCE, ON THE PLAN AND FOR THE AMOUNT APPLIED FOR IN QUESTIONS 2 AND 3, AT THE COMPANY'S PUBLISHED PREMIUM RATE CORRESPONDING TO THE APPLICANT'S AGE, THEN SAID INSURANCE SHALL TAKE EFFECT AND BE IN FORCE UNDER AND SUBJECT TO THE PROVISIONS OF THE POLICY APPLIED FOR FROM AND AFTER THE TIME THIS APPLICATION IS MADE, WHETHER THE POLICY BE DELIVERED TO AND RECEIVED BY THE APPLICANT OR NOT."

The provision in capital letters is particularly referred to.

The trial judge found from the testimony that the premium was paid at the time the application was made. It is evident that no receipt on the form attached to the application was given defendant nor did the assured indorse on the printed form in the application the fact that she had paid the first premium. The parts of the application containing such forms were removed by the Detroit office of the plaintiff, because they had never been executed, and an appropriate indorsement explaining the removal was stamped on the application. There is no question but that the assured consulted a physician after the application was signed. This was prior to the date of the policy. Plaintiff tendered to defendant a

return of the premium paid by her, and upon her refusal to accept it, filed a bill to annul the policy because the assured consulted a physician after the date of the application but prior to the date and delivery of the policy. Defendant claims that under the quoted clause of the application, which is attached to and made a part of the policy, the insurance became effective from the date of the application; that the payment of the first premium in cash made the policy effective from such date, notwithstanding that no receipt on the form attached to the application was produced nor any indorsement by assured on the application shown. In her cross-bill defendant asks a decree ordering that plaintiff pay her the amount of the policy. Plaintiff's counsel concede that if it is not entitled to a decree voiding the policy, then it is obligated to pay defendant the amount of the policy. No question was raised as to the jurisdiction of the court. The trial judge found in plaintiff's favor and rendered a decree annulling the policy. Defendant appeals.

Were it not for the proviso in the part of the policy hereinbefore quoted, plaintiff would be relieved from liability under the policy, because of the fact that the assured consulted a physician after the application, but prior to the issuance of the policy. The leading case is that of *Stipcich* v. *Metropolitan Life Ins. Co.*, 277 U. S. 311 (48 Sup. Ct. 512), in which the court said:

"It was shown on the trial by uncontradicted evidence that after his application Stipcich consulted two physicians and that they told him that an operation for the removal of the ulcer was necessary. * * * Here both by the terms of the application and familiar rules governing the formation of contracts no contract came into existence until the de-

livery of the policy, and at that time the insured had learned of conditions gravely affecting his health, unknown at the time of making his application.

"Insurance policies are traditionally contracts *uberrimae fidei* and a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option. *Carter* v. *Boehm,* 3 Burrows, 1905 (97 Eng. Rep. Repr. 1162); *Livingston* v. *Maryland Insurance Co.,* 6 Cranch (U. S.), 274; *McLanahan* v. *Universal Insurance Co.,* 1 Pet. (U. S.) 170; *Phœnix Life Insurance Co.* v. *Raddin,* 120 U. S. 183, 189 (7 Sup. Ct. 500); *Hardman* v. *Firemen's Insurance Co.,* 20 Fed. 594."

The record does not disclose the reason for the proviso. Undoubtedly making a policy effective from the date of the application is of very great advantage to the assured. Such a policy should be more attractive to the assured and salable by the insurer. We can also see the advantage of having the first premium paid promptly and the right of an insurance company to positive proof of payment of the premium at the time of the application. However, we are not ruling on a case where it is denied that the first premium was paid at the time of the application or where the failure to produce the receipt or the indorsement or the lack of them might be of very great importance in determining whether the first premium was paid or not.

In the present case, the assured and defendant were dealing with plaintiff's agent. The record indicates that the parties were foreigners and that neither the assured nor her sister were experienced in business. It seems more than probable that both the receipt and the indorsement on the application

would have been executed had their importance or necessity been made known to assured or defendant by plaintiff's agent. In securing the application, he was acting for plaintiff. Although he had no right to alter the terms of the contract, his neglect or omission to give the receipt and see to it that the indorsement be made on the application should not be attributable to defendant. See *Hoyle* v. *Grange Life Assurance Ass'n,* 214 Mich. 603, 607. At least, plaintiff should not profit by such neglect or omission in view of the fact that it shows no resulting loss or damage and admits the payment of the first premium at the time the application was signed.

Under the circumstances of the present case, defendant is entitled to recover the amount of the policy and interest. The decree of the lower court is reversed, and the case remanded for the entry of a proper decree, in accordance with this opinion. Defendant will recover costs.

Wiest, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.