ARTHUR FORTIN v. NEW YORK LIFE INSURANCE COMPANY.[1]

March 18, 1932.

No. 28,787.

[1]Reported in 241 N. W. 673.

*Albert Schaller* and *Kueffner & Marks,* for appellant.
*Doherty, Rumble, Bunn & Butler,* for respondent.

LORING, J.

In a suit upon a life insurance policy the plaintiff had a verdict for $3,337.50. The court granted defendant's motion for judgment notwithstanding the verdict, and the plaintiff has appealed.

May 6, 1927, the defendant, through its agent Harold E. Walsh, took an application for insurance on the life of Paul Joseph Chapdelaine, who was the 15-year old son of Desire Chapdelaine, a farmer residing in Dakota county. At the time that the application was taken Paul signed a note for the first premium, due in 60 days, but before Walsh left the house Desire paid the first premium in cash. Through oversight Walsh neglected to return the note or to have the insured sign the declaration attached to the application, to the effect that the first premium had been paid in cash, and to give a receipt therefor, a form for which was attached to the application. The application provided that the insurance would take effect from the date of the application if the premium was paid in cash, a declaration to that effect signed by the applicant, and a receipt taken for such payment. The insurance was also contingent upon the applicant's being found an acceptable physical risk.

May 7, 1927, Paul was examined by the insurance company's physician and found to be an acceptable risk. May 16, 1927, a policy was delivered at Desire's farm for Paul, who was then at the office of a doctor in St. Paul for the purpose of having an X-ray examination. It further appears that on May 10 Desire took his son to St. Paul to see a doctor who sent them to an X-ray specialist. From that time on Paul was consulting and being treated by a physician for a lump on his head which caused his death on March 25, 1928.

In October, 1927, Paul applied for sick benefits under the terms of his policy. The defendant refused the benefits and attempted to rescind the insurance contract and tendered back the premium, which was not accepted. After Paul's death suit was brought upon the policy, and the case has been tried twice in the district court, resulting in a verdict for plaintiff at both trials. The principal issue of fact was whether the premium was paid in cash on the day of the signing of the application.

After the policy was issued a question arose as to the correct date of Paul's birth, and the policy was twice corrected in that regard by the reissuance of new policies, it being finally discovered that the insurance age as originally given was the correct one.

In our opinion the trial court was correct in submitting the issue of cash payment to the jury, and it was in error when it granted the defendant's motion for judgment notwithstanding the verdict. The case appears to be controlled by our decision in the case of Lueck v. New York L. Ins. Co. 185 Minn. 184, 240 N. W. 363, where it was agreed at the time of the signing of the application that the cash for the first premium would be paid to the agent on the following morning at his office, and it was so paid. The insured had signed a note but had not signed the declaration or taken the receipt required by the terms of the contract. It appears that in the Lueck case the note and application had been forwarded to the company by its agent before the cash premium was actually paid, whereas in the case at bar the cash was actually paid at the time of taking the application. In the Lueck case we followed the decision of New York L. Ins. Co. v. Abromietes, 254 Mich. 622, 236 N. W. 769, where a like application was involved, and held that where the facts showed a cash payment of the premium at the time that the application was made the insurance took effect from that date, notwithstanding failure of the insured to sign the declaration or get the receipt provided for. It is not necessary to repeat the discussion contained in those opinions.

At the time of signing the application and paying the premium there is nothing to indicate that the insured or the beneficiary had

any knowledge of any infirmity of the insured. Apparently this was not discovered until some days afterward. As said in the Lueck case, "it would only be by a literal and most technical construction" that the defendant might prevail here.

The judgment is reversed.

