**SUBAR et al. v. NEW YORK LIFE INS. CO.**

No. 5916.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

J. M. Dunham, of Grand Rapids, Mich. (Dunham, Cholette & Allaben, of Grand Rapids, Mich., on the brief), for appellants.

E. H. Johnson, of Grand Rapids, Mich. (Travis, Merrick, Johnson & McCobb, of Grand Rapids, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

This is a suit to recover on two policies of insurance issued upon the life of Jacob Subar. The policies were issued upon an application signed by the insured May 6, 1929, were dated May 24, 1929, and were delivered and accepted June 3, 1929. The in-

240

sured died August 31, 1929. The insurance company relied upon two defenses: First, that the insured consulted a physician between the date of his application and medical examination and the date the policies were delivered; and, second, that in his application he made false answers to questions concerning physicians whom he had consulted or who had examined or treated him within the preceding five years. At the close of the testimony on the trial below, the court, upon motion, directed a verdict for the defendant, and judgment was entered thereon. The only question that we find it necessary to consider is the sufficiency of the first defense.

The insured signed only one application, a copy of which was attached to each policy. Each policy stated: "The policy and the application therefor, copy of which is attached hereto, constitute the entire contract." The application provided: "That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the beneficiary and the first premium thereon paid in full, during the insured's lifetime, and then only if the insured has not consulted or been treated by any physician since his medical examination." The evidence shows without contradiction that on May 27, 1929, after the medical examination was made and the application was signed, but before the delivery of the policies, the insured consulted Dr. Schnoor, who took his medical history; that he complained of his heart, pains in his left shoulder and through his chest, of being weak and nervous, of shortness of breath, and of having considerable gas in his abdomen. The insurance company, neither through its agent nor otherwise, was advised of this consultation when the policies were delivered.

■ The provision in the application that the policy should not take effect upon delivery if the insured had consulted a physician since his medical examination became a part of the contract for insurance. First National Bank v. Hartford Fire Insurance Co., 95 U. S. 673, 675, 24 L. Ed. 563; New York Life Ins. Co. v. Wertheimer (D. C.) 272 F. 730; Columbian Nat. Life Ins. Co. v. Harrison, 12 F.(2d) 986 (6 C. C. A.); Hurt v. New York Life Ins. Co. (C. C. A.) 51 F.(2d) 936, 937. And this is true though the insured did not read the application or know its contents, for, as said in Lumber Underwriters v. Rife, 237 U. S. 605, 609, 610, 35 S. Ct. 717, 718, 59 L. Ed. 1140: "No rational theory of contract can be made that does not hold the assured to know the contents of the instrument to which he

seeks to hold the other party. * * * What he [assured] cannot do is to take a policy without reading it, and then when he comes to sue at law upon the instrument, ask to have it enforced otherwise than according to its terms." Cf. New York Life Insurance Co. v. Fletcher, 117 U. S. 519, 530, 6 S. Ct. 837, 29 L. Ed. 934; Maryland Casualty Co. v. Eddy, 239 F. 477, 478 (6 C. C. A.); Prudential Casualty Co. v. Miller, 257 F. 418, 421 (6 C. C. A.); Norwich Union Indemnity Co. v. H. Kobacker & Sons Co., 31 F.(2d) 411, 412 (6 C. C. A.); Taylor v. American Liability Co., 48 F. (2d) 592 (6 C. C. A.).

Appellants seek to avoid the effect of this application provision upon the ground that each policy stated that it should take "effect as of the 6th day of May, 1929, which day is the anniversary of the policy." That provision, however, is to be read in the light of other provisions, one of which fixed as a condition upon which the policies should become effective—as of May 6, 1929, of course—that the insured had not consulted or been treated by a physician since his medical examination. This last-mentioned provision plainly meant that the insurance should not take effect on May 6, 1929, or at all if the insured had either consulted or been treated by a physician since his medical examination. It is not denied that the insured did consult a physician, so the question is whether, in view of that circumstance, this provision operated to prevent the policies from taking effect.

■ The question is ruled, we think, by the doctrine announced in Stipcich v. Metropolitan Life Insurance Co., 277 U. S. 311, 48 S. Ct. 512, 515, 72 L. Ed. 895, where it was said that insurance companies "may stipulate, as is not unusual, that the insurance shall not attach on delivery of the policy unless the insured is in good health." A contract of insurance, as has been frequently held, rests upon and is controlled by the same principles of law applicable to other contracts, and the parties may stipulate and agree that it shall be effective at a given time, or upon the happening of a designated event, or shall not be effective at all if there occurs a specified intervening event. Bowen v. Prudential Insurance Co., 178 Mich. 63, 144 N. W. 543, 51 L. R. A. (N. S.) 587; Gallop v. Royal Neighbors, 167 Mo. App. 85, 150 S. W. 1118; New York Life Insurance Co. v. Griffith (C. C. A.) 35 F.(2d) 945. The point to be decided is accordingly not one of fraud or misrepresentation, but of contract law where the parties agreed that the insurance should not take effect upon the delivery of the pol-

icy and the payment of the premium if the insured consulted a physician after his medical examination. We know of no rule of law which renders such a provision ineffective. Cf. New York Life Ins. Co. v. Conrad, 47 F.(2d) 885 (6 C. C. A.). The agent in this case did not know at the time the policy was delivered, as did the agent in Grier v. Mut. Life Insurance Co., 132 N. C. 542, 44 S. E. 28, that the insured was ill or had consulted a physician, nor was there payment of the premium in full at the date of application under a provision of the policy that made it effective as of that date, as in New York Life Ins. Co. v. Abromietes, 254 Mich. 622, 236 N. W. 769. Nothing in the last-mentioned case militates against the doctrine announced by the same court in Bowen v. Prudential Insurance Co., supra, where a stipulation in an application, that the policy should not take effect until delivered to the insured while in good health, was held valid and enforceable. Plainly there was no waiver of the stipulation in the present case, since it is not claimed that the defendant's agent knew of the consultation at the time the policy was delivered or that the company or its agent was thereafter informed of it and permitted the insured to retain the policy. It is not necessary, therefore, to consider whether the delivering agent could have waived the provision.

It appears that both policies were issued upon a single application. On the trial of the case, counsel for the insurance company stated in open court that it had "been agreed on the record that this one application covered both policies in suit, the $10,000 and the $2,500 one, that was consented to yesterday, as I understand it." No denial of this statement was made, but, had there been a denial, the result could not be different, for a copy of the application was attached to each policy, and each stated that it was issued "in consideration of the application therefor." Columbian Nat. Life Ins. Co. v. Harrison, supra.

The judgment is affirmed.