## MUTUAL TRUST LIFE INS. CO. v. OSSEN et ux.
### No. 346.

Circuit Court of Appeals, Second Circuit.
May 6, 1935.

Goldstein & Goldstein, of New York City (David Goldstein and Thomas G. Frost, both of New York City, of counsel), for appellants.

Philip J. Ross, of New York City (John J. Cunneen, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This litigation is concerned with a policy of insurance issued by an Illinois corporation. It was dated April 20, 1930, and was received by the defendant Samuel J. Ossen, a resident of New York, on May 5th or 6th, at which time, or shortly thereafter, he paid the first premium. The policy purported to insure his life in the sum of $5,000 payable to his wife as beneficiary, and to provide for monthly payments to him in the event of his total and permanent disability before the age of sixty. In September, 1931, he made proof of claim for disability benefits, alleging that his total and permanent disability began on May 5, 1930, and was caused by angina pectoris due to coronary disease. The policy contained a clause making it incontestable after two years from its date. Before this term had expired the insurance company tendered to Ossen a return of all premiums paid by him and brought this suit to procure a cancellation of the policy on the ground, among others, that it never became effective because of a condition precedent in the application forming part of the policy. This provided: "That the insurance hereby applied for, or any policy issued in reliance upon this application, shall not take effect unless and until the first premium or instalment thereof is paid and the policy delivered to and accepted by me while my health, habits and occupation are the same as described in this application." Elsewhere in the application the applicant stated that he had not consulted a physician during the last ten years; that he believed himself to be in good health; and that he did not now have, nor had he ever had, any disease of heart or blood vessels. The application stated his occupation to be that of a salesman in a dairy store, and "merchant, butter, eggs."

At the trial Mr. Ossen testified that he had not been employed, in business since March, 1930, when the store of Orkand & Ossen was sold. He also testified that when he signed his application he was in the best of health but on May 12, 1930, suffered a heart attack. The doctors whom he then summoned diagnosed the attack as coronary thrombosis caused by a condition of coronary sclerosis, and testified that this condition must have existed for a considerable time before the thrombosis, but Ossen was probably not aware of it. The District Court made findings of fact that at the time Ossen signed his application for insurance he was not·engaged in the occupation described in his application, and that he was afflicted with the disease of coronary sclerosis at least two months prior to May 12, 1930, and therefore was not, when the policy was delivered and the first premium paid, in the condition of health in respect to heart and blood vessels described in his application. Numerous additional findings of fact were made which need not be here recited in the view we take of the case. As conclusions of law the judge held that the policy of insurance never took effect, that the plaintiff was entitled to have it surrendered and canceled, the decree to make proper provision for a return of the premiums paid by Ossen, and that the counterclaim for disability payments should be dismissed. In accordance therewith the decree was entered from which the defendants have appealed.

■ The defendants' brief has devoted much argument to attempting to prove that when Ossen paid the first premium he was unaware of the fact that he was afflicted with a disease of the heart. If the attack of coronary thrombosis occurred on May 5, 1930, as he originally stated in his proof of claim for disability benefits, supported by the affidavits of two physicians certifying to the same date, he was not unaware of the disease when the premium was paid. In his testimony, however, he explained that this date was inserted by mistake and that the attack actually occurred on May 12th. Apparently the district judge accepted the latter date. We shall assume, therefore, that Ossen was ignorant of the real condition of his health when the policy was delivered to him on May 5th or 6th, and the premium paid shortly thereafter; the exact date of the payment not appearing in the record. In the view we take, whether he knew or did not know of his condition is immaterial. His application stated that he did not have any disease of the heart or blood vessels, and the existence of the same state of health when the policy was delivered was expressly agreed to be a condition precedent to the insurance becoming effective. This condition was not performed. As the Supreme Court stated in Stipcich v. Insurance Co., 277 U. S. 311, at page 321, 48 S. Ct. 512, 72 L. Ed. 895, the parties "may stipulate, as is not unusual, that the insurance shall not attach on delivery of the policy unless the insured is in good health." Many cases have applied this principle. Greenbaum v. Columbian Nat. Life Ins. Co., 62 F.(2d) 56 (C. C. A. 2); Subar v. N. Y. Life Ins. Co., 60 F.(2d) 239 (C. C. A. 6); Drilling v. N. Y. Life Ins. Co., 234 N. Y. 234, 137 N. E. 314; Lee v. Prudential Insurance Co., 203 Mass. 299, 89 N. E. 529, 17 Ann. Cas. 236. Under such a stipulation the question is not of the good faith of the insured in accepting delivery of the policy, but only of the existence of the fact which is made a condition precedent to the policy's going into effect. Person v. Ætna Life Ins. Co., 32 F.(2d) 459 (C. C. A. 8); N. Y. Life Ins. Co. v. Werthheimer, 272 F. 730 (D. C. N. D. Ohio); Benzinger v. Prudential Ins. Co. (Pa. Sup.) 176 A. 922; Barker v. Metropolitan Life Ins. Co., 188 Mass. 542, 74 N. E. 945; Metropolitan Life Ins. Co. v. Howle, 62 Ohio St. 204, 56 N. E. 908.

■ The defendants argue that the condition precedent should be construed to mean that Ossen had no disease of the heart so far as he knew or believed. The argument runs that since question 14 of the application reads, "Are you now in good health so far as you know and believe?" the same limitation of knowledge and belief should be read into question 21, "Have you now, or have you ever had, * * * any disease of heart or blood vessels * * * or any other disease or injury? Give details, dates, etc., of any history noted above." While it is true that the applicant could not give details of any disease of which he was unaware, his answer to question 21 was a definite "No." The condition precedent required his health to be "the same as described in this application." He described himself therein as not having any disease of the heart or blood vessels and this was the state of health which was required to exist when the policy was delivered. Moulor v. American Life Ins. Co., 111 U.

320

S. 335, 4 S. Ct. 466, 28 L. Ed. 447, upon which the defendants place particular reliance, is distinguishable. There the insured warranted his answers "fair and true" and agreed that if the company should thereafter discover that any of them were untrue, the policy should be void and premiums previously paid should be forfeited. The court construed the various clauses as indicating that all the company was exacting was good faith and not answers true in fact. The language of the condition precedent in the case at bar does not seem to us reasonably susceptible of such a construction.

 But even if the opposite conclusion were reached, it would not aid the appellants. The stipulation also required his occupation to remain the same as described in the application. Ossen testified definitely that he was not in any business after March, 1930. The testimony that he went out of business on account of his health is very weak and is contradicted. But the reason for leaving the occupation described in his application is immaterial. The parties stipulated that his continuance in the same occupation should be a condition precedent to the insurance attaching. There is no ground to read this, as the appellants contend, as meaning that he should not change to a more hazardous occupation. We cannot remake the contract of the parties. His change of occupation was alone enough to prevent the policy from going into effect. See Prahm v. Prudential Ins. Co., 98 N. J. Law, 335, 120 A. 918, 920, affirmed 99 N. J. Law, 288, 122 A. 752.

The appellants have also contended that section 107 (f) of the New York Insurance Law (Consol. Laws, c. 28) applies to this policy and avoids the effect of the condition precedent. We do not think the statute is applicable, however, under the well-settled rule that where the parties have stipulated that the policy shall not take effect until delivery to the insured and payment of the first premium, the contract is governed by the law of the state where these events occur. Northwestern Mut. Life Ins. Co. v. McCue, 223 U. S. 234, 32 S. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57; Equitable Life Society v. Clements, 140 U. S. 226, 11 S. Ct. 822, 35 L. Ed. 497. The application was signed in Massachusetts and the policy was mailed from Illinois to an agent in Newburyport, Mass. He mailed it to Ossen in New York and received the premium by mail in Newburyport. So far as appears the plaintiff had no office and did no business within the state of New York. But even if the statute were deemed applicable, it would not have the effect contended for. In the absence of an authoritative decision to the contrary, we should not interpret the statute to forbid contracting on conditions precedent. It presupposes that the policy becomes an effective contract, and provides that a false statement in the application therefor "shall not bar the right to recovery thereunder" unless it be of a specified type. A similar statute in Massachusetts has recently been construed not to effect provisions which by agreement are made conditions precedent to liability. Lopardi v. John Hancock Mut. Life Ins. Co. (Mass.) 194 N. E. 706. See, also, Hurt v. N. Y. Life Ins. Co., 53 F.(2d) 453 (C. C. A. 10); Metropolitan Life Ins. Co. v. Howle, 62 Ohio St. 204, 56 N. E. 908; Prahm v. Prudential Ins. Co., 99 N. J. Law, 288, 122 A. 752. Compare Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649; Schmidt v. Prudential Ins. Co., 190 Minn. 239, 251 N. W. 683; Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714.

The decree is affirmed.