Sack, Admr., *v.* Metropolitan Life Insurance Company, Appellant.

Argued October 2, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Arthur G. Dickson,* and with him *Leroy A. Lincoln,* for appellant.

*Louis Sherr,* and with him *Harold L. Judovich,* for appellee.

OPINION BY TREXLER, P. J., December 18, 1934:

This is an action of assumpsit upon an industrial policy of life insurance brought by the administrator of the estate of the insured. The trial judge directed the jury to find for the defendant, but the court en banc subsequently set aside the verdict and ordered a new trial.

The policy contained the following: "This policy constitutes the entire agreement between the company and the insured and the holder and owner hereof. Its terms cannot be changed, or its conditions varied, except by the express agreement of the company evidenced by the signature of its president or secretary." It further provided, "If, the insured is not alive or is not in sound health on the date hereof [January 1, 1932]......or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, ...... the company may declare this policy void." In the proofs of death submitted by the plaintiff to the insurance company it appears that the insured was on March 14, 1932, suffering from carcinomatosis secondary to carcinoma of the breast from which she had been suffering from six to eight months and had been operated on in Jefferson Hospital in July, 1931.

This is not a case where the testimony as to the condition of the insured at and prior to the issuing of the policy was entirely presented by oral testimony. In such cases we have consistently held that it is within the province of the jury alone to decide as to the law applicable to the facts. Brelish v. Prudential Life Ins. Co., 109 Pa. Superior Ct. 1, 165 A. 516, following the Supreme Court decision in Nanty-Glo Boro v. American Surety Co., 309 Pa. 236, 163 A. 523. In the present case the hospital record and the proofs of

death furnished were prima facie evidence of the assertions contained therein and were in the nature of admission against the interests of the plaintiff. The case is very similar to that of Panopoulos v. Metropolitan Life Ins. Co., 96 Pa. Superior Ct. 325. There it was pointed out that there is a difference between obtaining a contract through a misrepresentation of fact, and making the existence of that fact a condition upon which the contract, by its written terms, is dependent; citing Connell v. Metropolitan Life Ins. Co., 16 Pa. Superior Ct. 520. Whether the present policy is void is dependent upon actual conditions past or present, at the time the policy was issued and not upon the knowledge of those conditions possessed by the parties. There is no question in this case that the insured was operated on for cancer and proof as to that is not oral but is documentary. The plaintiff's offer to produce testimony that the insured was in good health at the time the policy was issued was properly excluded. Her appearance may have indicated good health. This fact did not controvert the undoubted proof that the insured had cancer and had been treated by a physician for a serious disease and had been operated on. See Russ to use v. Metropolitan Life Ins. Co., 98 Pa. Superior Ct. 353; Youngblood, Adm. v. Prudential Life Ins. Co., 109 Pa. Superior Ct. 20, 165 A. 666. The cases relied upon by the court en banc do not in any respect modify the principle enunciated in the cases above quoted. In Borgon v. John Hancock Mut. Life Ins. Co., 99 Pa. Superior Ct. 378, the defendant's evidence in itself was contradictory; certainly if the documentary proof in itself contains vital elements of contradiction, the matter must go to the jury. In South Side Trust Co. v. Eureka Life Ins. Co., 74 Pa. Superior Ct. 566, proofs of death submitted there were contradicted by the company's agent and the company's doctor. The court held that the burden

of proof was on the defendant to prove fraud in the revival of the policies as the evidence was contradictory. In Baldi v. Metropolitan Life Ins. Co., 24 Pa. Superior Ct. 275, the evidence offered was to show that the statement of the doctor in the proof of death was false. If documentary evidence such as hospital records are submitted they may be contradicted, but there is no evidence in this case to prove that the record showing cancer was not verity.

We may conclude by calling attention to the fact that the question here was not as to the apparent soundness of the insured's health at the time the policy was issued. There was nothing in the case that required a submission to the jury as to whether the person insured had had cancer, or that the attendance of a physician had been required for a serious illness. The documentary evidence as to this effect was uncontradicted, and established these facts.

The judgment is reversed and is here entered for the defendant.