Benzinger, Appellant, *v.* Prudential Insurance
Company of America.

Argued January 10, 1935.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter B. Gibbons,* with him *Joseph Klapp Nicholls,* for appellant.

*F. J. Shoyer,* with him *Kendall H. Shoyer,* for appellee.

OPINION BY MR. JUSTICE DREW, February 4, 1935:

Plaintiff brought this action in assumpsit as beneficiary of a policy of insurance issued by defendant upon the life of her husband. In its answer to plaintiff's statement, defendant pleaded a violation of the following provision of the application, a copy of which was attached to the policy as a part of the contract: "I further agree that . . . unless the full first premium is paid by me at the time of making this application, the policy shall not take effect until issued by the company and received by me and the full first premium thereon is paid, while my health, habits and occupation are the same as described in this application." The ground of violation alleged was that at the time of the delivery of the policy and payment of the first premium (which was after the signing of the application) the insured was suffering from cancer and syphilis, whereas the "declarations made to the medical examiner," which formed a part of the application, contained the word "no" in answer to the questions whether insured had ever had these diseases. Plaintiff, in reply, averred that no questions were asked of insured at the time he signed this paper, but that the answers were blank when he signed it.

There was ample testimony to support a finding that on the date when the policy was issued and received and the first premium paid the insured was suffering from the diseases above mentioned. On the other hand, plaintiff testified that she was present when the insured signed the paper entitled "declarations made to the medical examiner," that no questions were asked him and no statements made by him to the examining physician, and that the answers were not filled in when the insured

signed it. Her testimony was contradicted by that of the physician, who stated that the answers written down were made to him by the insured himself.

In submitting the case to the jury, the trial judge re-quested them to answer the following question: "At the time the full first premium was paid to the company and the policy was issued by the company and received by Benzinger, was Benzinger's health the same as described in the application for the insurance or was it substantially worse?" When the jury returned, they first stated that they found for the plaintiff, and that the answer to the question was "No." The trial judge then said, "I wonder if you understand the question that was put to you," and, after explaining it, asked them, "Do you want to consider that answer to the question further? Do you think you understood it?" After consulting with his fellow jurors, the foreman replied, "Our answer is yes, substantially worse," and the special finding was so recorded.

The court below entered judgment n. o. v. in favor of defendant, and plaintiff appealed, assigning as error this action and the refusal of the court below to enter judgment for her. Her contention that the answer to the question as first stated by the jury was controlling cannot be supported. In Scott v. Scott, 110 Pa. 387, we said, quoting from Co. Litt. 227b: "After the verdict recorded the jury cannot vary from it, but before it be recorded they may vary from the first offer of their verdict, and that verdict which is recorded shall stand." This statement was repeated by us with approval in Eastley v. Glenn, 313 Pa. 130, in which we said, "We find no reason to alter this rule." Plaintiff's argument that the court erred "in reinstructing the jury after the initial verdict" is not supported by an assignment of error, and we pass it for that reason, as well as for the reason that we can see nothing improper in the action of the trial judge in this respect.

The serious question in the case is whether the special finding warrants the entry of judgment for defendant, in view of plaintiff's testimony, which it is conceded must be taken as true in this connection, that the statements in regard to the health of the insured were not made by him. This is the only ground upon which plaintiff argues that the special finding is not conclusive against her, and we are convinced that it is not sound. The provision that the policy should not take effect unless the health of the insured at the date of the issuance of the policy and payment of the first premium was as described in the application was neither a warranty nor a representation but a condition precedent (Prahm v. Prudential Ins. Co., 98 N. J. L. 335, affirmed 99 N. J. L. 288; see Youngblood v. Prudential Ins. Co., 109 Pa. Superior Ct. 20; Metropolitan Life Ins. Co. v. Howle, 62 Oh. St. 204; Mohr v. Prudential Ins. Co., 32 R. I. 177) ; the inquiry is not whether the insured knew the state of his health at that time and fraudulently concealed it from the insurer, but simply whether, in fact, he was then in the same state of health as described in the application. So far as concerns this clause, the portions of the application describing his health are integral parts of it, and in this character, as distinguished from their character as representations, they are terms of the contract. When the insured signed in blank the paper headed "declarations made to the medical examiner," he was, to say the least, put on notice that negative answers to the questions here involved would have to be filled in, as they were. There is nothing whatever in the case to indicate that he did not understand the nature of the paper he signed, or that he did not see the numerous questions on it to which answers were required. He could not possibly have had any doubt that if he answered "Yes" to the questions, "Have you ever had . . . Cancer? . . . Syphilis?" he would not be granted insurance—certainly not without a most thorough medical examination showing him then to be free of those diseases. When he accepted the policy and paid

the first premium he accepted the terms of the contract and made them his own, including those in the application and "declarations made to the medical examiner," copies of which were attached to the policy and declared by it to be part of the contract: Swan v. Watertown Fire Ins. Co., 96 Pa. 37; Applebaum v. Empire State Life Assurance Soc., 311 Pa. 221. Having accepted the policy as written, he was bound by its terms, and since the finding of the jury establishes that there was a violation of the express and fundamental condition that the policy should not take effect unless his health at the date of its issuance was as described in the application, there can be no recovery upon it.

Judgment affirmed.