## Schware, Admr., v. Home Life Insurance Company of America, Appellant.

54

Argued December 15, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Arthur S. Arnold,* with him *Butz, Steckel & Rupp,* for appellant.

*Stanley V. Printz,* with him *Robert G. Kleckner,* for appellee.

OPINION BY KELLER, P. J., January 31, 1939:

This was an action of assumpsit on a life insurance policy, tried, by agreement of the parties, by the court without a jury, under the Act of April 22, 1874, P. L. 109.

As the procedure prescribed by the Act of 1874 was not followed and the opinion of the court below shows

a misconception of the issues involved, we are obliged to reverse the judgment.

The Act of 1874 provides that following the trial the court shall file with the prothonotary its *decision* in writing, and if requested by counsel for either party[1] shall state separately and distinctly the facts found, the answers to any points submitted in writing by counsel and the conclusions of law. Notice of such decision is directed to be given forthwith by the prothonotary to the parties or their attorneys, and if no exceptions are filed thereto within thirty days after service of such notice, *judgment* shall be entered by the prothonotary; if exceptions are filed within thirty days, the court or the judge who tried the case in vacation may, upon argument, order judgment to be entered according to the decision previously filed, or make such modifications thereof as in right and justice shall seem proper.

In the present case the court entered judgment for the plaintiff simultaneously with the filing of its findings of fact and conclusions of law, so that no opportunity was given the defendant to present its exceptions to the court's findings of fact and conclusions of law and argue the same before the entry of judgment. This was contrary to the course prescribed by the statute and in view of the court's discussion of the case in its opinion filed with its findings and conclusions we are not satisfied that it was harmless to the defendant.

The action was on an industrial policy of life insurance. A copy of the application for insurance was not attached to the policy and hence under section 318 of the Insurance Company Law of 1921, P. L. 682, which was a substantial re-enactment of the Act of May 11, 1881, P. L. 20, the application could not be received in evidence, on behalf of the company, nor considered a part of the policy contract. But the policy contained certain conditions, subject to which the policy was

---

[1] By amendment of July 10, 1935, P. L. 640.

issued and for breach of which the company was authorized to declare the policy void, to wit:

## "CONDITIONS

"If, (1) the Insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the Insured has been rejected for Insurance by this or by any other company, order or association, or within two years before the date hereof has been attended by a physician for any serious illness, disease or complaint, or has applied for diagnosis or treatment to any hospital, sanitarium or institution of any kind engaged in the treatment of disease or for the restoration of health, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical or institutional attention or previous illness, disease or complaint is specifically recited in the 'space for endorsements' on page 4, in a waiver signed by the Secretary; or if (3) any policy on the life of the Insured hereunder has been previously issued by this Company and is in force at the date hereof, unless the number of such prior policy has been endorsed by the Company in the 'space for endorsements' on page 4 hereof, (it being expressly agreed that the Company shall not in the absence of such endorsement be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this Policy shall not be deemed a waiver of such last mentioned condition), then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy."

It is unnecessary for us to decide whether these are true conditions precedent, as in *Youngblood v. Prudential Ins. Co.*, 109 Pa. Superior Ct. 20, 165 A. 666, where the provision was, "this policy *shall not take effect* if the insured die before the date hereof, or if on such date the insured be not in sound health, etc."; see also

*Landy v. Phila. Life Ins. Co.,* 78 Pa. Superior Ct. 47, 50; *Harrisburg Trust Co. v. Mutual Life Ins. Co.,* 278 Pa. 255, 258, 122 A. 292; *Vanhorne v. Dorrance,* 2 Dallas 304, 316; *Prudential Ins. Co. v. Kudoba,* 323 Pa. 30, 186 A. 793; Restatement of Contracts, sec. 250 (a) and (b). They were, in any event, conditions upon which the contract, by its written terms, was dependent: *Connell v. Metropolitan Life Ins. Co.,* 16 Pa. Superior Ct. 520; *Panopoulos v. Metropolitan Life Ins. Co.,* 96 Pa. Superior Ct. 325; *Russ v. Metropolitan Life Ins. Co.,* 98 Pa. Superior Ct. 353; *Robinson v. Metropolitan Life Ins. Co.,* 99 Pa. Superior Ct. 152; at least, to the extent that they were not modified by, or in conflict with, the Act of July 19, 1935, P. L. 1319. The burden was on the defendant of proving sufficient facts to justify the company in declaring the policy void: *Connell v. Metropolitan Life Ins. Co.,* supra, p. 529.

The court below, in stating the facts, said: "An affidavit of defense was filed alleging false answers to questions appearing in the application for insurance"; and in its discussion of the case treated it as if the case were concerned with false representations in the application for insurance. The affidavit of defense made no reference at all to the application for insurance or the falsity of the applicant's answers therein. They were not even mentioned. They could not be presented as a defense to the policy, for a copy of the application was not attached to the policy. By way of new matter, the affidavit set up as a defense to the action, that the conditions subject to which the policy had been issued, as above set forth, had been breached in that the assured (1) was not in sound health on the date of the issuance of the policy, and (2) had been attended within two years thereof by a physician for a serious illness, disease or complaint, to wit, myocarditis, a disease of the heart. Consequently, the issue was not as to the truth or falsity of the answers of the assured in the application for insurance and whether they were representations or war-

ranties, as was discussed by the court below, but whether the *conditions* in the policy had been shown to have been breached by the assured, so as to justify the insurer in declaring the policy void. Such a condition, we pointed out in the Youngblood case, p. 25, operates more strongly in favor of the insurer than even a covenant in the policy that the answers to questions in the application shall be deemed warranties.

To clear up some disputed matters when further proceedings are had in the court below we shall refer to several other points raised and argued on the appeal.

(1) The Act of April 22, 1874, P. L. 109, does not require the court to specifically answer all requests for findings of fact and conclusions of law submitted by counsel: *Kershbaum v. London Guarantee & Accident Co.*, 286 Pa. 213, 133 A. 229.

(2) As the policy contained a facility of payment clause, authorizing the company to make payment to any relative by blood or marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same, by reason of having incurred expense on behalf of the insured for her burial, or for any other purpose, the filing of proofs of death by the husband of the insured, who afterwards took out letters of administration on her estate, will be deemed sufficient where the defendant did not ask for additional proofs and raised no objection to the payment of the claim on this ground. The company cannot play fast and loose in such a matter. There is nothing in our opinion in *Horsfield v. Metropolitan Life Ins. Co.*, 124 Pa. Superior Ct. 458, 189 A. 892, when the facts in that case are understood and considered, which leads to a different conclusion.

(3) The Act of July 19, 1935, P. L. 1319, which amends the Insurance Company Law of 1921, P. L. 682, by adding a new section 411A, is not unconstitutional as violative of Article III, sec. 3, of our Constitution, which provides: "No bill, except general appropriation

bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of the Act of July 19, 1935, recites that it is an amendment of the Act of May 17, 1921, P. L. 682, relating to insurance,—giving the title of that act in full—, "by adding thereto section four hundred and eleven A, establishing the effect of medical examinations or the waiver thereof in applications for life insurance, and restricting defenses by insurance companies in such cases."

The amendment is as follows:

"Effect of Medical Examination and Waiver Thereof. —In any case where the medical examiner, or physician acting as such, or the agent of the insurer recording the answers of the applicant where a medical examination is waived, of any insurance company doing business in this State, shall issue a certificate of health, or declare the applicant a fit subject for insurance, or so report to the company or its agent under the rules and regulations of the company, it shall thereby be estopped from setting up in defense of the action on the policy or certificate issued to the insured, that the insured was not in the condition of health required by the policy or certificate or by the company issuing the same at the time of the medical examination, or the recording of the answers of the applicant where a medical examination is waived, unless the same was procured by or through the fraud, deceit, or misrepresentation of or on behalf of the insured."

Its practical effect is to write into our statute law, where there has been a medical examination of the applicant, the decision of the Supreme Court in *Prudential Ins. Co. v. Kudoba,* 323 Pa. 30, 186 A. 793, and extend it so as to apply to cases where a medical examination has been waived, and the agent of the insurer, who recorded the answers of the applicant, declares or certifies that the applicant is a fit subject for insurance. It has no effect, where such medical report or agent's declara-

tion or certificate was procured by or through the fraud, deceit or misrepresentations of, or on behalf of, the insured; that is, where such representation was knowingly false. The title does not have to be an index of the contents of the act and this title gives the public and life insurance companies sufficient notice of its provisions to require them to investigate and learn how they are affected by the act.

It will be noted that it applies only to the defense—"that the insured was not in the *condition of health* required by the policy or certificate or by the company issuing the same, *at the time of the medical examination, or the recording of the answers* where a medical examination is waived." It cannot be extended beyond this provision.

As the policy in suit was issued after the effective date of this act, it was issued subject to its provisions, and in so far as the policy and the statute are inconsistent or incompatible, the statute governs.

The judgment is reversed with a procedendo.