Albert, Admrx. *v.* Home Life Insurance Company
of America, Appellant.

550

Argued March 18, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Arthur S. Arnold,* with him *Richard Henry Klein,* for appellant.

*Stephen L. Gribbin,* for appellee.

Opinion by Keller, P. J., July 19, 1940:

This was an action of assumpsit on a policy of life insurance, tried by a court without a jury under the Act of 1874.[1] The policy was issued on November 2, 1936 on the life of Lawrence Albert, a minor, ten years old, and was payable to his executor or administrator. The insured's mother, Catherine Albert, obtained the policy and paid the weekly premiums.

The policy contained, *inter alia*, under the heading, "CONDITIONS", the following: "If, (1) the insured is not alive or is not in sound health on the date hereof; or if (2) ...... the Insured ...... within two years before the date hereof has been attended by a physician for any serious illness, disease or complaint ...... or, before said date, has had any ...... disease of the heart, liver or kidneys, unless such ...... medical ...... attention or previous illness, disease or complaint is specifically recited in the 'space for endorsements' on page 4, in a waiver signed by the Secretary; ...... then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claims under this Policy, shall be limited to the return of premiums paid on the Policy."

The insured died on April 28, 1938. The company having refused to pay the amount of insurance, and declared the policy void for specified breaches of conditions, but having tendered a return of the premiums paid, this action was begun. It was first brought in the name of the mother individually, in mistaken reliance on the Facility of Payment Clause—see *Williard v. Prudential Ins. Co.*, 276 Pa. 427, 120 A. 461—but it was later amended so as to be brought in her capacity as administratrix.

The plaintiff's statement averred the issuance of the

[1] Act of April 22, 1874, P. L. 109, as amended by Act of July 10, 1935, P. L. 640.

policy, the payment of the stipulated premiums, the death of the insured, the furnishing of proofs of death and the refusal of the company to pay anything beyond the return of the premiums paid.

The company filed an affidavit of defense, denying liability as claimed by the plaintiff, and, by way of 'New Matter', averred breaches of the conditions in the policy, as follows: (1) That the insured was not in sound health on the date of the policy; and (2) that within two years before the date thereof he had been attended by a physician for a serious illness, disease, or complaint, to wit, rheumatic endocarditis, and enlargement of the heart; and averred that at the time the policy was issued and for a long time previous the insured was suffering from said diseases of the heart.

The plaintiff filed a reply to the 'New Matter', denying that the insured had been attended within two years of the issuance of the policy by a physician for a serious illness, disease or complaint, to wit, rheumatic endocarditis and enlargement of the heart or that he was suffering from said diseases at the time the policy was issued and for a long time prior thereto; and averred that he was in sound health at the time when the policy was issued.

Those were the issues of fact raised by the pleadings.

On the trial, the plaintiff produced and offered the policy, proved the death of the insured and the furnishing of proof of death, and although the plaintiff's statement contained no reference to them, was permitted to produce evidence sufficient to warrant the trial judge in affirming the following requests for findings of fact by the plaintiff:

"9. The policy in this case was issued without a medical examination. (Affirmed)

"10. The application was written by Mr. Roberts, an agent of the Company and certified by him with a recommendation that the policy be issued in accord-

ance with the rules of the Company. (Affirmed)" (85a).

Over the objection of the plaintiff, that the affidavit of defense had not alleged fraud, etc., the defendant was permitted to introduce evidence—the court reserving the question of its admissibility, (71a)—which warranted the trial judge in making the following, inter alia, findings of fact:

"3. In May 1936, insured was treated by a physician for rheumatic heart condition, which illness was progressive and caused his death.

"4. Plaintiff, the insured's mother, had knowledge of the boy's illness in May, 1936 ......

"6. The insured within two years before the date of the contract had been attended by a physician for a serious illness, to wit, disease of the heart, and was not in sound health on the date of the issuance of the policy. Plaintiff sought to establish that insured was not attended by a physician until after application was made for the insurance policy. A receipt dated June 24, 1937, for treatment of her son was produced by plaintiff. It was worn, and the figure '7' appeared on a fold of the paper and was illegible. Plaintiff [said that she] 'took a pen and made it bigger', but 'made it the way it was before.' (Testimony volume 2, page 11). But the physician testified he treated the insured in 1936, and his secretary, who wrote the receipt, left his employ in August, 1936. The conclusion is inescapable that the boy was treated in 1936, that payment for the treatment was made in the same year, and that plaintiff altered the receipt to show a date later than the issuance of the policy ...... We are of opinion ...... that defendant proved by a fair preponderance of the evidence the falsity of the representations made on behalf of the insured, that the insured was not of sound health at the time the policy was issued, and that plaintiff knew that her son was not of sound health."

On July 3, 1939 the trial judge filed his decision, with his answers to requests for findings of fact and conclusions of law, and his own findings and discussion on the law, but, by inadvertence erroneously entered *judgment* (*Schware v. Home Life Ins. Co.*, 134 Pa. Superior Ct. 53, 3 A. 2d 949) for the plaintiff for $9.36, the amount of the premiums paid. Subsequently he corrected this error of procedure and revoked the judgment.

On exceptions filed by the plaintiff to the decision and the findings and conclusions of the trial judge, the court was of opinion that under the provisions of the Act of July 19, 1935, P. L. 1319, the evidence received in support of the findings just above quoted had been improperly admitted, because the affidavit of defense had not averred that the insurance had been "procured by or through the fraud, deceit or misrepresentation of or on behalf of the insured," and, accordingly it revoked said findings favorable to the defendant, as before mentioned, and entered judgment for the plaintiff for the amount of the policy. The defendant appealed.

The learned court below overlooked the issues of fact raised by the pleadings. They related only to the *breach* of the conditions in the policy, not to a *fraudulent breach*. The defendant in its affidavit of defense, averred a breach of the conditions as to sound health and as to attendance within two years by a physician for a serious heart disease. Under the pleadings, as they then stood, if, on the trial, it proved these averments to the satisfaction of the trial judge, the plaintiff could recover nothing but the premiums paid. The plaintiff, in reply, averred the sound health of the insured when the policy was issued and denied that he was then, or for a long time previous, suffering from a serious heart disease. Any competent evidence bearing on those issues was admissible under the pleadings.

All of the evidence received on behalf of the defendant which bore on a breach of those conditions in the policy was properly admissible under the pleadings.

But, on the trial, the plaintiff went outside the pleadings and produced evidence of certain matters which became important in the case, to wit, (1) that there had been no medical examination of the insured,— such examination having been waived—, and (2) that a written application for insurance [2] had been made on behalf of the insured, which had been written by the company's agent, who had certified, declared or reported to the company that the applicant was a fit subject for insurance, under the rules and regulations of the company.

This brought the case within the provisions of the Act of July 19, 1935, supra, and in order to prevent a recovery under the policy, as respects the insured's condition of health at the time of the application for insurance, or issuance of the policy, it was then necessary for the defendant to produce evidence not only that the insured was not in sound health in November, 1936, and was suffering from a serious heart disease, and had been attended by a physician for that disease within two years before the application was made, but also that the applicant for the insurance on the insured's behalf knew these facts and concealed them from the company, and in consequence did not act in good faith but was guilty of fraud: *Prudential Ins. Co. v. Kudoba,* 323 Pa. 30, 35, 36, 186 A. 793; *Evans v. Penn Mutual Life Ins. Co.,* 322 Pa. 547, 557, 186 A. 133; *Wargowich, Exr. v. Metropolitan Life Ins. Co.,* 136 Pa. Superior Ct. 421, 430, 7 A. 2d 568; *Glaser v. Metro-*

---

[2] The defendant could not refer to the application in its affidavit of defense, in the absence of an averment concerning it by the plaintiff, nor offer it in evidence, because it was not attached to and made a part of the policy—Sec. 318 of the Insurance Company Law of 1921, P. L. 682

*politan Life Ins. Co.,* 139 Pa. Superior Ct. 261, 266, 11 A. 2d 558.

But the statutory rule that the defendant shall not be permitted to make any defense on the trial which is not set forth in the affidavit of defense, is limited to the issues of fact raised by the pleadings.

Those issues permitted the defendant to give evidence of the *breach* of the conditions in the policy.

When the plaintiff went beyond the averments in the plaintiff's statement and gave evidence of matters not averred in her pleadings, thus bringing her case within the provisions of the Act of 1935, supra, the defendant had the right to meet the new issue thus interjected into the case by showing that a breach of the conditions as to the insured's condition of health relied on by it in its affidavit of defense was within the knowledge of the person applying for the insurance on behalf of the insured and hence amounted to fraud. The defendant could not be expected or required to allege fraud in its affidavit of defense, unless the plaintiff in her statement had first averred facts which made it incumbent on the defendant to do so.

For the Act of 1935 does not apply to all cases of life insurance. It is limited by its express terms to two classes of cases, both having reference to the insured's condition of health at or about the time of applying for insurance: (1) Where a medical examiner or physician for the insurer examines the applicant and issues a certificate of health, or declares the applicant a fit subject for insurance, and so reports to the company; (2) where a medical examination is waived, and the agent of the insurer records the answers of the applicant and declares or reports to the company that he is a fit subject for insurance. In either of these events—*and in no other event*—the insurance company is estopped from setting up in defense of the action on the policy that the insured was not in the condition

of health *required by the policy,* or by the company issuing the same, at the time of the medical examination or the recording of the answers of the applicant where a medical examination was waived; *unless* the same was procured by or through the fraud, deceit or misrepresentation of or on behalf of the insured—in other words, that the applicant knew, when the examination was made or the answers were recorded, that the insured's condition of health was not as represented therein or as conditioned in the policy, and it was, therefore, procured by fraud. See *Schware v. Home Life Ins. Co.,* 134 Pa. Superior Ct. 53, 3 A. 2d 949.

Where the plaintiff in the course of the trial is permitted to introduce into evidence material matters not declared on in his statement, the defendant is at liberty to produce evidence in reply which rebuts or counteracts the matters thus newly brought into the case by the plaintiff.

We may add that all of the evidence offered by the defendant as to the unsound health of the insured in May, 1936, and his attendance by a physician for a serious heart disease within two years prior thereto was clearly admissible under its affidavit of defense. The only portion of the evidence not admissible thereunder was the *knowledge of the plaintiff* of such conditions at the time the policy was issued, and *that* was not raised or made material by any averments in the plaintiff's statement or plaintiff's reply to new matter, and was not material or necessary for the defense to prove (*Youngblood v. Prudential Ins. Co.,* 109 Pa. Superior Ct. 20, 165 A. 666 [3]; *Robinson v. Metropolitan*

---

[3] The case of *Youngblood v. Prudential Ins. Co.,* supra, was not affected by the decision in *Prudential Ins. Co. v. Kudoba,* 323 Pa. 30, 35, 186 A. 793, for the latter applies only to cases where there was a medical examination, upon which the insurance company is presumed to have relied in issuing the policy: *Wargovich, Exr. v. Metropolitan Life Ins. Co.,* 136 Pa. Superior

*Life Ins. Co.,* 99 Pa. Superior Ct. 152, 153, 155; *Russ v. Metropolitan Life Ins. Co.,* 98 Pa. Superior Ct. 353, 355; *Panopoulos v. Metropolitan Life Ins. Co.,* 96 Pa. Superior Ct. 325, 327) until the plaintiff interjected into the case the evidence material under the Act of 1935, concerning which she had made no averments in her pleadings and therefore the defendant was not called upon to answer or defend against the same in its affidavit of defense.

As the court below revoked its findings of fact and conclusions of law upon a mistaken view of the law as to the admissibility of the defendant's evidence, it follows that the revised conclusions of law and the resultant judgment were erroneous.

The judgment is reversed and is now entered for the plaintiff for $9.36 with interest from July 3, 1939.

Ct. 421, 430, 431, 7 A. 2d 568. It still applies, notwithstanding the Act of July 19, 1935, P. L. 1319, where the policy is issued subject to conditions as to the sound health of the insured, the attendance of physicians, treatment in a hospital, etc., where there is no medical examination and no written application for insurance.