Pachter, Appellant, *v.* Metropolitan Life
Insurance Company.

Argued March 7, 1941.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
RHODES and HIRT, JJ.

*Russell J. O'Malley,* with him *Irving L. Epstein,* for appellant.

*Edward W. Warren,* with him *C. P. O'Malley,* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY BALDRIGE, J., April 16, 1941:

Plaintiff has appealed from the refusal of the court below to grant a new trial in an action of assumpsit brought on two industrial life insurance policies issued by defendant after a medical examination by its doctor, to Isadore Pachter on July 1, 1936 and August 24, 1936, in the sums of $500 and $308, respectively.

This case has been tried three times. In each of the two previous trials a verdict was rendered for defendant. New trials were granted for trial errors. At the third trial the court submitted to the jury, at the request of the defendant, the following special questions: "Did the insured, Isadore Pachter, have cancer before the policies in this case were issued on July 1, 1936 and on August 24, 1936?" "Was the insured, Isadore Pachter, attended by a physician for a serious disease within two years before the policies in this case were issued on July 1, 1936 and August 24, 1936?" The answers to both these questions were in the affirmative. The jury rendered a verdict in favor of the plaintiff in the sum of $12.20, the amount of the premiums paid.

The policies contained the following conditions: (1) If the insured was not in sound health on the date of issue, (2) if he had been attended by a physician for a serious disease or complaint within two years, or (3) if he had had cancer, the company might declare the policies **void.**

The proofs of death offered and admitted in evidence included certain statements. One by the plaintiff, wife

of the assured, sets forth that the duration of her husband's illness was about a year; that he quit work in June 1936; and his death on September 25, 1936 was due to carcinoma of the colon. In two additional statements, made by Drs. Gaynor and Stec, it appears that they had attended the deceased for short periods in the latter part of August and the first part of September 1936; the cause of death was that given by the widow.

Dr. Halpert, called by the defendant, testified that Pachter consulted him on March 29, 1936, when he gave a history of bleeding from the rectum for a year, and of pain in his abdomen. The doctor sent him to the Mercy Hospital the following day for observation, where he remained, according to the hospital records admitted into evidence until April 2, 1936. A manual examination made in the hospital by the witness showed a large mass, the size of a small grapefruit, in the left side of the abdomen, which indicated to him that the patient had carcinoma of the bladder.

Dr. Halpert then called into consultation a specialist, Dr. Kerstetter, who testified that he made a cystoscopic examination of Pachter and found a large tumor at the left side of his bladder and diagnosed the disease as carcinoma of the colon. The doctors concluded that the cancer had developed too far for any surgical interference. The patient was sent home but was not informed as to his condition. Thereafter Dr. Halpert attended him on a number of occasions advising him to remain quiet and prescribed sedatives to relieve his pain.

The appellant contends that this case is controlled by the Act approved July 19, 1935, P. L. 1319, 40 PS §511a. It provides that where a medical examination has been waived or has been had by a physician representing the insurance company, who issues a certificate of health or declares applicant a fit subject for insurance, the insurance company shall be estopped from setting up the defense that the insured was not in con-

dition of health required by the policy at the time lof the medical examination or the recording of the answers of the applicant when an examination is waived, unless the insured was guilty of fraud, deceit, or misrepresentation.

Legislative approval was thus given to the decision in the case of *Prudential Insurance Co. v. Kudoba*, 323 Pa. 30, 186 A. 793, which had its origin in 1933. There our Supreme Court held that the insurance company in making a physical examination of the insured waived all future contention as to the health at or prior to that time and that the sound health clause was to be construed to protect the company against any impairment of health of the insured that may have arisen in the interval between the time the medical examination was made and the date the policy was issued.

The defendant, however, did not rest its defense on the sound health clause, but relied solely on the breach of the second and third conditions, namely, the attendance of a physician within two years of the date of the issuance of the policies for a serious disease or complaint, and that the insured had had cancer during that period. The Act of 1935, supra, makes no reference to the conditions upon which defendant relies and its effect cannot be extended beyond its provisions, (*Schware v. Home Life Insurance Company*, 134 Pa. Superior Ct. 53, 61, 3 A. 2d 949), nor did the Kudoba decision consider the effect of a breach of such conditions. The only question before the jury was whether the policies were void by reason of the breach of these written conditions contained therein. The insured must have had knowledge of the violation thereof.

In *Engle v. National Council, Jr., O. U. A. M. of U. S.,* 133 Pa. Superior Ct. 149, 1 A. 2d 798, the policy was issued, as here, after a medical examination. We held that a recovery was not barred under the sound health clause, but we pointed out that the failure of the insured to disclose his visit to a physician on November 9,

1934, shortly before the application for the policy, could not be disregarded as it raised a material question of fact as to whether he was then treated for "grave, important or serious diseases." We sent that case back to the lower court for retrial because we were of the opinion that the court was not warranted in giving binding instructions as the proof consisted of oral testimony and as the credibility of the witnesses was involved the issues raised were for the jury's consideration.

In *Wargovich, Exr. v. Metropolitan Life Insurance Co.,* 136 Pa. Superior Ct. 421, 7 A. 2d, 568, the suit was based on two policies containing exactly the same conditions as now before us and had many features comparable to this case. The jury, however, found for the plaintiff. We there expressly recognized that the company could not assert a breach of the sound health clause, but we held that the questions whether the insured had been attended by a physician for a serious disease within two years, to wit cancer, prior to the dates of the issuance of the respective policies, were for the jury. See, also, *Evans v. Penn Mutual Life Ins. Co. of Philadelphia,* 322 Pa. 547, 555, 556, 560, 186 A. 133 and *Albert v. Home Life Insurance Company,* 140 Pa. Superior Ct. 549, 14 A. 2d 561.

The appellant also complains that the charge of the court was confusing and misleading in that it failed to clearly set forth the issues raised. That objection was not stated or suggested in the statement of questions involved and therefore we need not consider it in this appeal: *Commonwealth ex rel. v. Snyder,* 294 Pa. 555, 144 A. 748. We can see no reason why this case with its long history should be tried the fourth time.

Judgment affirmed.