## Smolinsky, Adr. *v.* Metropolitan Life Insurance Company, Appellant.

Argued December 9, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

J. F. *Mahoney,* with him *Otto E. Farquhar* and *Charles L. Frank,* for appellant.

*Bernard J. Duffy, Jr.,* of *Duffy & Duffy,* for appellee.

OPINION BY CUNNINGHAM, J., May 6, 1942:

Plaintiff, the son and administrator of the estate of the insured, Andrew Smolinsky, senior, brought this action on an industrial policy of life insurance providing for payment of $500 by the defendant company to his executor or administrator upon insured's death. The policy issued on December 2, 1935, and the insured died on February 18, 1936.

At the trial plaintiff established a prima facie case by showing issuance of the policy, payment of premiums and due proof of death. Among certain conditions incorporated in the policy was the following: "If ...... the insured ...... has, within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint, or, before said date of issue, has had any ...... disease of the heart, ...... then, in any such case, the Company may declare this policy void and the liability of the Company, ...... in the case of any claim under this Policy, shall be limited to the return of premiums paid ......" The insurance contract also contained the usual condition that it might be declared void if the insured was not in "sound health" on the date of issue. The defense interposed

narrowed down to an alleged breach of the condition first above quoted. No medical examination of the insured was made, nor was any written application attached to the policy.

The trial, before PAUL, J., and a jury, resulted in a verdict for plaintiff for the full amount of the policy plus interest; defendant's motions for judgment n. o. v. and a new trial were both overruled and the present appeal is by the company from the judgment entered on the verdict. The judgment must be reversed and a new trial directed by reason of erroneous instructions to the jury and the improper striking out of certain testimony.

Throughout its charge, the court below, repeated five or six times that it was incumbent upon appellant, in order to establish its defense, to show not only the fact that the insured was treated by a physician for a serious complaint, or that he had a disease of the heart, but in addition that he knew either or both of these facts and fraudulently concealed them from the insurance company. In so charging the court erroneously placed upon appellant a heavier burden than it was required to meet under the issues involved in this case.

The court apparently failed to distinguish between those cases in which a defense of fraud and deceit is set up and the cases where, as here, the policy is voidable by reason of the breach of one or more *conditions*. In the latter type of cases proof of the *fact or facts* constituting a breach of the condition justifies the insurer in declaring the policy void; fraud need not be proven, hence, knowledge of the insured is immaterial.

In *Sack, Admr. v. Metro. Life Ins. Co.*, 115 Pa. Superior Ct. 430, 431, 175 A. 733, the defenses relied upon were breaches of conditions in the policy identical with those in the present case, and it was shown by uncontradicted hospital records and proofs of death that

the insured had been treated for and had cancer of the breast prior to issuance of the policy. Holding a verdict should have been directed for defendant, we stated (page 432): "Whether the present policy is void is dependent upon actual conditions past or present, at the time the policy was issued and not upon the knowledge of those conditions possessed by the parties."

Similarly, in *Connell v. Metropolitan Life Insurance Co.*, 16 Pa. Superior Ct. 520, the defense interposed was breach of conditions making the policy void if insured had been attended by a physician for a serious complaint, or had any disease, among others, of the kidneys. There, as here, the trial judge erroneously charged defendant did not establish a breach of the condition unless it showed insured had knowledge of the fact she had Bright's disease before the policy issued. This court there pointed out the distinction between breach of a condition and fraud as a defense to the policy, and granted a new trial after verdict for the plaintiff, because of the trial judge's erroneous charge.[1]

It is contended on behalf of appellee that appellant is estopped, under the provisions of the Act of July 19, 1935, P. L. 1319, 40 PS. § 511a, from setting up its present defense because its Field Representative, D. Sherman, "recommended that [the insured's] application be accepted" and certified he was "in good health". The company was not defending, however, on breach of the *sound health clause* contained in the policy, but upon breaches of two other and distinct conditions. The Act of 1935 is not applicable here; it makes no reference to the conditions upon which appellant relies and its effect cannot be extended beyond its provisions, nor did the decision in *Prudential Ins.*

[1] See also, as to a *condition* avoiding the policy: *DeRose v. Metro. Life Ins. Co.*, 132 Pa. Superior Ct. 212, 218, 200 A. 888; *Schware v. Home Life Ins. Co.*, 134 Pa. Superior Ct. 53, 59, 3 A. 2d 949.

*Co. v. Kudoba et al.*, 323 Pa. 30, 186 A. 793, consider the effect of a breach of such conditions: *Pachter v. Metro. Life Ins. Co.*, 144 Pa. Superior Ct. 188, 191, 19 A. 2d 507.

After appellee had established his prima facie case, appellant called Dr. J. R. Sweeney who testified that, as a result of an examination made in his office June 7, 1935, he found insured suffering from chronic valvular heart disease. The trial judge granted appellee's motion to strike this testimony from the record on the ground that Dr. Sweeney had not informed the insured he was suffering from heart disease. For reasons already stated at length this was error.

On the other hand, the trial court did not err in refusing appellant's point for a directed verdict and denying its subsequent motion for judgment n. o. v. Appellant's defense of breach of the conditions upon which it relied rested upon oral testimony, and, under principles announced in *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, 186 A. 133, the case was for the jury. See also *Dzsujko v. Eureka-Md. Assn. Corp.*, 109 Pa. Superior Ct. 9, 165 A. 518.

Dr. Weaver, called by appellant, testified he examined the insured January 19, 1935, while on a visit to the insured's home to treat his wife; that he diagnosed insured's condition as chronic valvular heart disease; and further that he informed insured of his condition. This testimony, although practically uncontradicted, was oral, and therefore necessarily for the jury: *Evans v. Penn Mutual Life Ins. Co.*, supra.

In rebuttal, appellee called the insured's daughter who testified she was present when Dr. Weaver examined her father, who himself believed he had nothing more than a cold; that Dr. Weaver told her father, "You are a sick man," and advised him to take a rest, but she did not hear the doctor tell him he had a heart condition. As there was nothing in this indefinite testi-

mony showing that the insured was treated by a physician for a *serious* complaint, or afflicted with a disease of the heart in January of 1935, it did not, as appellant contends, require a directed verdict for the insurance company, within the rule, announced in *Evans v. Penn Mutual Life Ins. Co.*, supra, that such action is proper where facts constituting a defense appear from uncontradicted, though oral, testimony introduced by a plaintiff.

As the case must be retried, the attention of counsel and of the court below should be called to several additional matters.

The insured's daughter, and David P. Hegarty, who knew him for more than fourteen years, were permitted to testify, over appellant's objection, to his apparent good health before and when the policy was issued in an effort to rebut Dr. Weaver's testimony as to the existence of a chronic heart condition.

Their testimony was inadmissible for that purpose. A layman may not testify as to the existence or nonexistence of a disease which is discoverable only through the training and experience of a medical expert: *Baum v. Metropolitan Life Ins. Co.*, 144 Pa. Superior Ct. 37, and cases cited page 41, 19 A. 2d 486. It is everyday knowledge that a person may be in apparent good health and perform his daily work for years, although afflicted with a disease of the heart equally unknown to the victim and his associates. Such testimony should not be admitted under similar circumstances on a new trial: Compare *Critzer et ux. v. Donovan et al.*, 289 Pa. 381, 387, 137 A. 665.

Appellant, having shown by Dr. Sweeney that, in his opinion, the insured suffered from a chronic valvular heart disease June 7, 1935, proposed to show further by this physician that he treated him for a similar condition after the issuance of the policy and up to the time of his death. The purpose of this testimony was to

lay ground for an inference that since the insured had a heart condition after the policy issued and continuously up until the time of his death, he most probably had the same condition before the issuance of the policy. The trial judge excluded as irrelevant any testimony as to insured's physical condition after the date of the policy.

The physician's testimony that insured suffered from the disease after the issue of the policy was admissible in corroboration and as confirmative of his statement that the disease existed prior to the contract: *Murphy v. Prudential Ins. Co. of America*, 205 Pa. 444, 450, 451, 55 A. 19; *Nophsker v. Supreme Council of the Royal Arcanum*, 215 Pa. 631, 64 A. 788. However, if such testimony is admitted, the jury should be cautioned that it is corroborative only, and that the existence or non-existence of heart disease after the policy issued is not, in and of itself, a fact in controversy.

Judgment reversed with a venire.