## Mullen v. John Hancock Mutual Life Insurance Company, Appellant.

324

Argued May 4, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*D. C. Jennings,* for appellant.

*E. V. Buckley,* of *Mercer & Buckley,* for appellee.

OPINION BY RHODES, J., September 30, 1942:

Plaintiff as beneficiary brought this action in assumpsit on two policies of insurance issued by the defendant on the life of her son. The jury found for plaintiff for the amount of the policies plus interest. Defendant's motions for judgment n.o.v. and a new trial were overruled. This appeal is by defendant from the judgment entered on the verdict.

We are of the opinion that defendant's point for binding instructions should have been affirmed.[1] Admissions in the pleadings offered in evidence establish facts which avoided the policies without the intervention of a jury (*Evans v. Penn Mutual Life Ins. Co. of Philadelphia,* 322 Pa. 547, 555, 186 A. 133), and this was not altered by the oral testimony.

The insured died on December 28, 1938. One of the policies was issued on June 6, 1930, the other on January 20, 1936. Both of the policies had repeatedly lapsed for nonpayment of the quarterly premiums which were due on certain designated dates or within the grace period provided for in the policies.[2]

Each of the policies stipulates that except as therein "expressly provided, the payment of any premium or instalment thereof shall not maintain this policy in force beyond the date when the succeeding premium or

---

[1] "First: Under the law and all the evidence your verdict must be for the plaintiff in the sum of Forty-two and 07/100 ($42.07) Dollars."

[2] The due dates of quarterly premiums not paid within the grace period on the first policy were: December 6, 1937; March 6, 1938; June 6, 1938; September 6, 1938. The due dates of quarterly premiums not paid within the grace period on the second policy were: October 20, 1937; January 20, 1938; April 20, 1938; July 20, 1938; September [October] 20, 1938.

instalment becomes payable," and provides for a grace period of thirty-one days during which the policy shall remain in force; and that "after default in payment of premium ...... this policy may be reinstated, upon production of evidence of insurability satisfactory to the company and approved at its Home Office ......, and payment of arrears of premiums ......"

Sometime after each delinquency the insured executed and delivered to defendant a "Certificate of Insurability for Reinstatement of Policy." The certificates requested defendant to reinstate each policy "which under its terms is now lapsed, upon condition of the truth" of certain statements set forth in the certificate as follows: "I hereby certify that I am now in sound health and that during the time, including the grace period, since the premium now in default became due, I have had no injury, ailment, illness or disease, nor symptoms of such, neither have I consulted nor been treated by a physician or any other person, except as noted below.

"(Enter on dotted line any exceptions to the foregoing statements.)

None
" ........................................
"I have stated all exceptions. ......
"Robert Mullen.
"Applicant."

Defendant reinstated the policies without medical examination although it reserved the right to require it. During the periods covered by these certificates the insured had rheumatic heart disease, had been treated by physicians, and had been confined to a hospital on at least three occasions.

The trial judge submitted the case to the jury on the theory that fraud or an intention to deceive must be established. In the charge he said: "The plaintiff admits that Robert Mullen [the insured] was in the hospital on the dates indicated. It is not denied that Robert Mullen did have a rheumatic heart disease at the

time he signed the reinstatement slips. Now if Robert Mullen knew he had heart disease and signed those reinstatement slips saying that he did not have any disease, and if there was an intention on the part of Robert Mullen to deceive the insurance company, even though the insurance company did accept those premiums, the plaintiff could not recover. ...... If you find that the statements in the slips were made by the insured and that the statements are false, the defendant in order to prevail in this suit must show to your satisfaction that the insured knew they were false or otherwise acted in bad faith in making them."

We are unable to agree with the court below that defendant was obliged to prove fraud or deceit; knowledge on the part of the insured was immaterial. The certificates contained conditions precedent to valid reinstatement of the policies; reinstatement was to be upon "condition of the truth" of the alleged facts. Proof of the facts constituting breach of the conditions justified defendant in declaring the policies void. *Smolinsky, Adm'r, v. Metropolitan Life Ins. Co.*, 149 Pa. Superior Ct. 72, 74, 26 A. 2d 131.

The parties made their own agreement which is not repugnant to any statutory provisions; the language of the certificates is clear, and must be construed to mean what it says. A condition is one thing, a representation or a warranty another. *Youngblood, Adm'r, v. Prudential Ins. Co. of America*, 109 Pa. Superior Ct. 20, 25, 165 A. 666; *Connell v. Metropolitan Life Ins. Co.*, 16 Pa. Superior Ct. 520, 529; *Sack, Adm'r, v. Metropolitan Life Ins. Co.*, 115 Pa. Superior Ct. 430, 432, 175 A. 733; *Schware, Adm'r, v. Home Life Ins. Co. of America*, 134 Pa. Superior Ct. 53, 59, 3 A. 2d 949. Neither the Act of July 19, 1935, P. L. 1319, §1, 40 PS §511a, nor the Act of May 21, 1937, P. L. 774, No. 210, §1, 40 PS §512a, is applicable. *Smolinsky, Adm'r v. Metropolitan Life Ins. Co.*, supra, p. 75; *Pachter v. Metropolitan Life Ins. Co.*, 144 Pa. Superior Ct. 188,

191, 19 A. 2d 507; *Price v. Century Indemnity Co.,* 333 Pa. 337, 340, 5 A. 2d 130. Our courts have frequently had occasion to point out that there is a difference between obtaining a contract through a misrepresentation as to a fact and making the existence of that fact a condition upon which the contract by its written terms is dependent. *Panopoulos, Ex'r, v. Metropolitan Life Ins. Co.,* 96 Pa. Superior Ct. 325, 328, 329.

In the case before us the inquiry is not whether the insured knew the falsity of the statements and fraudulently concealed the facts from defendant, but simply an inquiry as to the existence of the facts which are made conditions for reinstatement. *Benzinger v. Prudential Ins. Co. of America,* 317 Pa. 561, 564, 176 A. 922; *Mutual Trust Life Ins. Co. v. Ossen et ux.,* 77 F. 2d 317, 319; *Person v. Aetna Life Ins. Co.,* 32 F. 2d 459, 461.

There is no suggestion of any dispute as to the facts; and defendant's defense did not depend on the testimony of witnesses, but on admissions in the pleadings which were in evidence. There was thus no issue to submit to the jury.

Plaintiff alleged in her reply, and there was testimony introduced by her, that the insured signed the certificates in blank without reading them; that he was informed by defendant's agent that it was only necessary for him to sign his name; and that defendant's agent wrote in the word "none" after the certificates were signed by the insured. We must accept this testimony in considering defendant's motion for judgment n.o.v. But we think it is immaterial whether the insured signed the certificates before or after the word "none" was inserted therein indicating that there were no exceptions to the foregoing statements. There is not the slightest indication in the record that the insured did not understand the nature of the certificates which he signed; he was deprived of no opportunity to know what he was signing, and the effect thereof; nothing was omit-

ted which he requested to be inserted. On no less than nine occasions he executed such certificates identical in content. We need not consider the ultimate result to which the reasoning of plaintiff's counsel would lead, for it is indulging in the merest fiction to suggest that insured was not bound by his certificates. He acknowledged and accepted the reinstatements which were granted by virtue of the certificates executed by him; and, regardless of the method of their execution, he made them his own and was bound by the conditions set forth therein. Moreover, it is the familiar doctrine and the general rule that one who signs an instrument without reading it, when he may have done so, will be held to have read it. *Applebaum v. Empire State Life Assurance Society,* 311 Pa. 221, 224, 166 A. 768; *Prevete v. Metropolitan Life Ins. Co.,* 343 Pa. 365, 369, 22 A. 2d 691. *Evans v. Penn Mutual Life Ins. Co. of Philadelphia,* supra, 322 Pa. 547, contains the following, in footnote 9, at page 554, 186 A. 133, at page 138: "The fact that the answers were supplied by another after insured had signed the application is of no avail, however, where good faith is not the test and the policy is avoided by breach of a condition, with reference to which the answers are integral parts of the contract: *Benzinger v. Prudential Ins. Co.,* 317 Pa. 561 [176 A. 922]." In the Benzinger case, supra, the application, a copy of which was attached to the policy as part of the contract, contained the following provision (page 562) : "I further agree that ...... unless the full first premium is paid by me at the time of making this application, the policy shall not take effect until issued by the company and received by me and the full first premium thereon is paid, while my health, habits and occupation are the same as described in this application." The jury returned a general verdict for plaintiff, but made a special finding that, at the time the first premium was paid and the policy issued by the company, the insured's health was substantially worse than as

described in the application. The contention was made that the lower court erred in entering judgment for defendant, in view of the fact that plaintiff had produced testimony that insured signed the application in blank, and that the questions in it were not asked of insured by the examining physician nor answered by him. In affirming the judgment the Supreme Court said (317 Pa. 561, at pages 564, 565, 176 A. 922, at pages 923, 924): "The provision that the policy should not take effect unless the health of the insured at the date of the issuance of the policy and payment of the first premium was as described in the application was neither a warranty nor a representation but a condition precedent ......; the inquiry is not whether the insured knew the state of his health at that time and fraudulently concealed it from the insurer, but simply whether, in fact, he was then in the same state of health as described in the application. So far as concerns this clause, the portions of the application describing his health are integral parts of it, and in this character, as distinguished from their character as representations, they are terms of the contract. ...... Having accepted the policy as written, he was bound by its terms, and since the finding of the jury establishes that there was a violation of the express and fundamental condition that the policy should not take effect unless his health at the date of its issuance was as described in the application, there can be no recovery upon it."

For these reasons defendant's point for binding instructions should have been affirmed; or its motion for judgment n.o.v. granted.

The first and second assignments of error are sustained.

Judgment is reversed, and judgment is here entered for plaintiff in the sum of $42.07, with interest from June 3, 1941.