McInerney, Appellant, *v.* Metropolitan Life Insurance Company.

Argued April 29, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*J. Howard Devlin,* with him *George K. Jelley,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

This is an action in assumpsit brought by plaintiff as beneficiary on a policy of life insurance issued by de-

fendant on the life of her daughter. Defendant's point for binding instructions was refused.[1] The jury returned a verdict for plaintiff for the amount of the policy less a loan which had been made thereon. The court below, on defendant's motion for judgment n.o.v., entered judgment for plaintiff for the amount of the premiums which were paid by plaintiff after application for reinstatement of the policy, and which had been tendered to plaintiff by defendant. Plaintiff has appealed.

The policy was issued on August 11, 1932; the insured died on September 18, 1939.

The policy lapsed for nonpayment of quarterly premium due on November 11, 1938. It contained the following provision for reinstatement: "If this Policy shall lapse in consequence of default in payment of any premium, it may be reinstated at any time ...... upon the production of evidence of insurability satisfactory to the Company and the payment of all overdue premiums ......." Application for reinstatement was signed by the insured on March 22, 1939, and was dated March 30, 1939, when overdue premiums were paid. The application, as offered in evidence, contained, inter alia, the following: "Q. Have you since date of issue of the above policy (a) Had any illness or injury? If yes, give date and particulars. A. No. (b) Consulted any physician or physicians? If yes, give date, and name and address of physician or physicians, and state for what illness or ailment. A. No." The application also contained the following: "Application is hereby made for the reinstatement of the above stated policy which lapsed for non-payment of premium due as stated above. I hereby certify that the foregoing statements and answers are correct and wholly true ......, and I

---

[1] "Under the law and all the evidence, your verdict must be for the plaintiff in the sum of Twenty-two and 76/100 ($22.76) Dollars."

agree that if said Company shall grant such reinstatment the same shall be deemed to be based ...... upon the express condition that if the foregoing statements be in any respect untrue said Company shall, for a period of two years from the date of such reinstatement, be under no liability by reason of the attempted reinstatement of the policy, except that the Company shall return to the insured or his personal representative all premiums paid since the date of said reinstatement." It was conceded at the trial that plaintiff was entitled to a minimum verdict for the amount of the premiums paid since the date of reinstatement.

Plaintiff rested after showing issuance of the policy, its lapse and application for reinstatement accepted by defendant, payment of premiums and due proof of death.

Defendant offered no oral testimony, but only the admitted or undenied averments of its new matter that the insured was, on March 22, 1939, suffering from colitis, anemia, and diarrhea; that she was attended by a physician on March 8, 1939, March 13, 1939, and March 26, 1939, for the same ailments; that on March 27, 1939, she was admitted to the hospital, where she remained until her death on September 18, 1939; that the insured died of chronic ulcerative colitis and acute generalized peritonitis.

In rebuttal, plaintiff was permitted to testify that, when the application for reinstatement was presented on March 22, 1939, by defendant's agent to the insured, the agent stated that it would be only necessary to sign the application; that the insured, who was over 18 years of age and could read and write, signed it; that the questions in the application were not asked by the agent or answered by the insured.

By the admissions in the pleadings offered in evidence, defendant proved a breach of condition; that the answers in the application were false was admitted.

Judgment n.o.v. entered by the court below must be affirmed, as such facts thus established avoid the policy. *Smolinsky, Adm'r, v. Metropolitan Life Ins. Co.,* 149 Pa. Superior Ct. 72, 74, 26 A. 2d 131; *Mullen v. John Hancock Mutual Life Ins. Co.,* 150 Pa. Superior Ct. 323, 325, 28 A. 2d 456; *Evans v. Penn Mutual Life Ins. Co. of Philadelphia,* 322 Pa. 547, 556, 557, 186 A. 133. The inquiry in the present case is not whether the insured fraudulently concealed the facts from defendant, but simply an inquiry as to the existence of the facts which are made conditions. *Mullen v. John Hancock Mutual Life Ins. Co.,* supra., pp. 327, 328. This determination under the circumstances did not require the intervention of a jury. Accepting the testimony of plaintiff, as we must in considering defendant's motion for judgment n.o.v., it contains nothing requiring submission to a jury, or material to the inquiry.

*Mullen v. John Hancock Mutual Life Ins. Co.,* supra, is controlling.

The assignments of error are overruled.

Judgment is affirmed.