Ramey *v.* Knights Life Insurance Company,
Appellant.

Argued December 12, 1963. Before RHODES, P. J.,
WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD,
JJ. (ERVIN, J., absent).

*John B. Gates,* for appellant.

*Thomas F. Morgan,* with him *W. Albert Ramey,* for appellee.

OPINION BY FLOOD, J., March 19, 1964:

In this case an industrial accident policy was issued upon the decedent's life without examination or written application by the insured. The policy contained a clause making it voidable by the company if within two years prior to the date of issue of the policy "the Insured has been . . . attended by a physician, either before or after any claim, unless it shall be shown by the Insured or any claimant that no such . . . attention was for a serious disease, injury, or physical or mental condition. . . ."

At the trial the defendant called Dr. Stanley Z. Weisshaus who testified that the deceased was his patient prior to November 14, 1960, the date when the policy was issued, that he first had her as a patient on April 22, 1957 and saw her in his office seventeen times during the two year period prior to November 14, 1960, the first time on February 18, 1959 and the last on October 17, 1960. The doctor was not asked, either on direct or on cross-examination, what he treated her for. The plaintiff presented only the testimony of two lay witnesses who said that during the period in question the decedent appeared in good health and lost no time from work.

Following a verdict for the plaintiff the defendant moved for judgment n.o.v. citing the uncontradicted testimony of the doctor showing that the plaintiff was treated by him during the two years prior to the issuance of the policy. The court refused the motion on the ground that the doctor's testimony was oral and was therefore for the jury.

The holding of the court below is in accord with what this Court said in the case of *Smolinsky v. Metropolitan Life Insurance Company,* 149 Pa. Superior Ct. 72, 26 A. 2d 131 (1942), where the condition in the policy was the same as the one before us except that it read: "If . . . the insured . . . has, within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint. . . ." In that case two doctors testified that during an examination within the two year period they found the insured suffering from chronic valvular heart disease. Referring to the first doctor's testimony the court said: "Appellant's defense of breach of the conditions upon which it relied rested upon oral testimony, and, under the principles announced in Evans v. Penn Mutual Life Insurance Co., 322 Pa. 547, 186 A. 133 [1936], the case was for the jury." After noting the second doctor's similar testimony, the court said: "This testimony, although practically uncontradicted, was oral, and therefore necessarily for the jury. . . ."

The rule that judgment n.o.v. cannot be entered when the defense depends upon oral testimony was reiterated by the Supreme Court in *Exner v. Safeco Ins. Co. of America,* 402 Pa. 473, 477, 167 A. 2d 703, 705 (1961): "There is very little disputed evidence, but even if the witnesses were in complete agreement and their evidence clear and indisputable, it was oral testimony and for the jury to pass upon. . . ."

No complaint is made of the charge. The appellant has not even printed it. We may assume therefore that the court properly charged the jury as to the respective burdens of the plaintiff and the defendant.

Despite the fact that the evidence of treatment on seventeen different occasions during a two year period was not contradicted, it was oral testimony. While the burden of proving that the treatments were not serious was upon the plaintiff, the jury nevertheless had the right under the above authorities not to accept the defendant's evidence as to the insured's visits to the doctor or to refuse to draw the inference that she received any treatments on those visits.

The insured's visits to the doctor were at fairly widely spaced intervals. There was no evidence that the doctor ever visited her at home. The defendant presented only minimum testimony from the doctors, who said nothing as to the nature of the treatments, if any, or the purpose of the insured's visits. Under the circumstances the lay testimony presented by the plaintiff indicating that the assured was never confined to her home during the two year period and never missed any work, cannot be said to be insufficient to sustain any burden which plaintiff may have had to show that any treatments she may have received were not for a serious condition.

The defendant has not asked for a new trial which would be his remedy if the jury decided against the weight of the evidence or contrary to the charge of the court. Even if he had asked for it, we doubt seriously that he would be entitled to a new trial on these grounds. Certainly, since his case depends upon oral testimony, he was not entitled to judgment n.o.v.

Judgment affirmed.

382

DISSENTING OPINION BY WOODSIDE, J.:

I dissent. The key to a just determination of this case is the illness, disease or condition that the insured-deceased was treated for by her physician during the relevant period of two years. Because the counsel for both parties and the trial judge failed, apparently deliberately, to ask the physician the key question, neither the jury nor the court knows whether or not the plaintiff should recover. The jury decided blindly; it decided blindly because counsel for both parties wished it to decide blindly. This is no way to administer justice.

There is no real doubt that the insured visited her physician. The verdict, I think, is against the weight of the evidence. I would grant a new trial. The truth could then be ascertained and justice done.